WIEBER, ADMX. OF THE ESTATE OF WIEBER, APPELLANT, *v.* ROLLINS ET AL., APPELLEES.

(No. OT-88-8—Decided September 2, 1988.)

*Jeffrey D. Lojewski,* for appellant.
*William F. Pietrykowski,* for appellees.

*Per Curiam.* This cause is before the court on appeal from a judgment of the Ottawa County Court of Common Pleas, wherein that court granted defendant-appellee's motion for summary judgment.

Plaintiff-appellant, Marcia Wieber, Administratrix of the Estate of Brad Wieber, filed a timely notice of appeal and asserts the following assignment of error:

"The Trial Court Erred As A Matter Of Law In Granting The Defendant's/Appellee's Rule 56 Motion For Summary Judgment, Where Reasonable Minds Could Not Come To But One Conclusion Adverse to the Plaintiff/Appellant."

On August 16, 1985, at about 10:00 a.m., appellant's decedent, Brad

Wieber, age six, was riding his bicycle in the parking lot located behind and to the east of H.B. Magruder Memorial Hospital, defendant-appellee. The medical center building is located behind and to the east of both the parking lot and the hospital. The access drive to the medical building runs in an east-west direction, alongside of the hospital and the parking lot.

Grace Rollins, upon approaching the medical building, drove eastwardly on the access drive. She turned right onto the drive located to the west of the building and circled the building so that she ultimately faced west on the access drive. Rollins parked there for a few minutes in order to go into the medical building. About five minutes later, Rollins restarted her truck and drove westwardly on the access drive, away from the medical building.

The child at this time was riding his bicycle northward from out of the parking lot and into the path of Rollins' truck. Rollins hit the child, fatally injuring him. The point of impact occurred at the intersection of the parking lot and the northwest corner of the medical building.

On February 9, 1988, summary judgment was granted for the appellee. Appellant asserts that summary judgment was not proper because material facts are in dispute.

Civ. R. 56(C) governs summary judgments and states in pertinent part:

"* * * Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. * * *"

The three criteria, gleaned from this rule, which must be met before granting summary judgment are:

"* * * (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." *Harless* v. *Willis Day Warehousing Co.* (1978), 54 Ohio St. 2d 64, 66, 8 O.O. 3d 73, 74, 375 N.E. 2d 46, 47.

Both appellee and appellant agree that Brad Wieber was a licensee while riding his bicycle on appellee's premises. "* * * [A] person who enters the premises of another by permission or acquiesence, for his *own* pleasure or benefit, and not by invitation, is a licensee. * * *" (Emphasis *sic.*) *Light* v. *Ohio University* (1986), 28 Ohio St. 3d 66, 68, 28 OBR 165, 167, 502 N.E. 2d 611, 613.

The duty owed by a licensor to a licensee is well-settled. "The authorities are in perfect harmony as to the duty owing to a licensee, and it may be generally stated that a licensee takes his license subject to its attendant perils and risks, that the licensor owes him no duty except to refrain from wantonly or wilfully injuring him, and that he should exercise ordinary care after discovering him to be in peril. * * *" *Hannan* v. *Ehrlich* (1921), 102

Ohio St. 176, 185-186, 131 N.E. 504, 507. Additionally, a licensee should be protected from hidden dangers, pitfalls or obstructions. *Id.* at 186, 131 N.E. at 507.

Appellant asserts that reasonable minds could differ as to whether the design and maintenance of the medical building amounted to a hidden danger. Appellant states that the building obstructed Rollins' and the child's view of each other as they approached the corner, thereby creating a hidden danger.

If a hidden danger does exist then the possessor of the premises must warn the licensee of any condition on the premises which a person of ordinary prudence would reasonably consider dangerous when there is reason to believe the licensee does not know of or will not discover the dangerous condition. *Niebes* v. *Crestline Aerie No. 859, Fraternal Order of Eagles* (1952), 94 Ohio App. 21, 51 O.O. 258, 114 N.E. 2d 260, paragraph two of the syllabus.

Appellee, however, had no knowledge that the convergence of the access drive and the parking lot created a hidden danger. In response to written interrogatories, appellee through its employees stated that in the previous five years there had been no motor vehicle accidents in the parking lot and that in the past ten years no child had been injured in the parking lot. Also, when the child exited the parking lot and rode into the access drive he was going against the regular traffic flow. Appellee had no reason to anticipate that someone would enter the access way from the south.

Furthermore, depositions taken of Grace Rollins by appellant demonstrate that the building's location was not a hidden danger. Rollins stated that her view of the corner was not obstructed by the medical building. In fact, she already had cleared the corner of the building before hitting appellant's decedent:

"Q. You indicated that, I believe in your words, that you were just past the corner when you saw the top of the little boy's head?

"A. I just got past when he darted in front of me and all I could see was the top of his head. * * *

"Q. Was your vehicle past the corner of the building when the impact occurred?

"A. Yes, yes."

Appellant argues that summary judgment was improper because reasonable minds could differ as to whether appellee breached its duty of care by failing to install "positive guidance signs" along the access drive and in the parking lot. Such signs, according to appellant, would ensure a safe flow of traffic in the vicinity of the medical building. Assuming appellee was negligent in failing to install traffic signs, as licensor, appellee "* * * is not liable for ordinary negligence and owes the licensee no duty except to refrain from wantonly or wilfully causing injury. *Hannan* v. *Ehrlich* (1921), 102 Ohio St. 176, paragraph four of the syllabus; see *Scheurer* v. *Trustees of the Open Bible Church* (1963), 175 Ohio St. 163 [23 O.O. 2d 453]." *Light, supra,* at 68, 28 OBR at 167, 502 N.E. 2d at 613-614.

Wantonness "* * * impl[ies] a failure to exercise any care toward those to whom a duty of care is owing, when the probability that harm will result from such failure is great, and such probability is known to the actor. Wanton misconduct is positive in nature, while mere negligence is naturally negative in character." *Brown* v. *Rechel* (1959), 108 Ohio App. 347, 357, 9 O.O. 2d 308, 314, 161 N.E. 2d 638, 646.

No active or positive misconduct is demonstrated here. The failure of placing traffic signs in an area where no accidents had occurred in the past five years cannot be said to rise to the level of wantonness.

Appellant further asserts that appellee knew or should have known that children frequently played in the parking lot behind Magruder Hospital. Appellant emphasizes that the hospital was located in a residential area and that appellee had placed picnic tables near the parking lot. Reasonable minds, according to appellant, could find that appellee should have foreseen children in the parking lot.

As appellant readily admits, Ohio has not adopted the attractive nuisance doctrine. See *Elliott* v. *Nagy* (1986), 22 Ohio St. 3d 58, 22 OBR 77, 488 N.E. 2d 853. See, also, *Railroad Co.* v. *Harvey* (1907), 77 Ohio St. 235, 83 N.E. 66. Furthermore there is no indication that appellee knew or should have known that children played in the parking lot.

In response to written interrogatories submitted by appellant, employees of appellee averred that they did not know of children playing in the parking lot:

"13. Were you aware that children normally frequented said pakring [*sic*] lot and its immediate vicinity, in order to watch the helicopters and/or play in the immediate vicinity?

"Answer: No, not *normally*. First of all, the frequency of flights is very low, approximately twice a month. Many flights are at night time and not during usual waking hours. When flights take place, adults and children are kept away from the immediate area by a hospital attendant. In the absence of a flight, there is nothing to do or play within that area." (Emphasis added.)

Rollins also stated in a deposition taken by appellant that she was not aware of children playing in the parking lot. Although she visited her doctor at the medical building regularly, she had never seen children in the parking lot prior to the day of the accident.

A reviewing court must look at the record in a way most favorable to the party opposing summary judgment. See *Williams* v. *First United Church of Christ* (1974), 37 Ohio St. 2d 150, 66 O.O. 2d 311, 309 N.E. 2d 924; and *Engel* v. *Corrigan* (1983), 12 Ohio App. 3d 34, 12 OBR 121, 465 N.E. 2d 932. This court has done so and determines that there are no material issues of fact in dispute. As a matter of law, appellee is entitled to summary judgment. The trial court did not err in granting summary judgment and appellant's assignment of error is not well-taken.

On consideration whereof, the judgment of the common pleas court is affirmed.

*Judgment affirmed.*

ALICE ROBIE RESNICK, P.J., CONNORS and HANDWORK, JJ., concur.