STINER et al., Appellants,

v.

DECHANT et al., Appellees.

[Cite as *Stiner v. Dechant* (1996), 114 Ohio App.3d 209.]

Court of Appeals of Ohio,
Ninth District, Lorain County.

No. 96CA006329.

Decided Sept. 18, 1996.

*Anthony B. Giardini,* for appellants.

*Robert J. Foulds* and *Jerome J. Savoy,* for appellees.

DICKINSON, Judge.

Plaintiffs Kenneth and Kelly Stiner have appealed from an order of the Lorain County Common Pleas Court that granted defendants Herbert Dechant, Thelma

Dechant, John Notley, Rebecca Notley, and Carl Kolb summary judgment. Plaintiffs have argued that the trial court (1) incorrectly granted the Dechants and Notleys summary judgment because there was a genuine issue of material fact regarding whether they breached a duty of care they owed to Kenneth Stiner as a licensee on their property, and (2) incorrectly granted Kolb summary judgment because there was a genuine issue of material fact regarding whether it was reasonably foreseeable to him that Kenneth Stiner could be injured while snowmobiling on the Dechants' and Notleys' property.[1] This court affirms the judgment of the trial court because (1) assuming that the Dechants and Notleys acquiesced in the use of their property for snowmobiling, as plaintiffs have contended, they were immune from liability pursuant to R.C. 1533.181 (the recreational user statute), and (2) Kolb was entitled to judgment as a matter of law, since it was not reasonably foreseeable to him that Kenneth Stiner could be injured while snowmobiling on the property.

I

On January 15, 1994, plaintiff Kenneth Stiner was injured while snowmobiling on farm land that was owned by defendants Herbert Dechant, Thelma Dechant, John Notley, and Rebecca Notley. Stiner, his two brothers, Timothy Stiner and Dennis Stiner, and a friend, Scott Dillen, were snowmobiling in a southerly direction across the field when plaintiff drove over uneven terrain and lost control of his vehicle. Several days before Stiner was injured, defendant Carl Kolb, the sole proprietor of Carl Kolb Excavating, had dug drainage trenches on the property. Afterwards, he filled the trenches with dirt, causing the elevation of the land over them to be one to three feet higher than the surrounding property. In the intervening days, snow partially covered the dirt so that, according to Stiner, he did not see the uneven terrain until it was too late for him to stop his snowmobile.

Stiner and his wife, Kelly Stiner, filed a complaint against the Dechants and Notleys on September 29, 1994, by which they sought compensation for medical expenses, pain and suffering, mental anguish, and loss of society, companionship, and consortium. By their complaint, they averred that the Dechants and Notleys "were aware of and acquiesced" in the use of their land for snowmobiling. They further alleged that the Dechants and Notleys showed a "willful disregard" for the safety of snowmobilers on their property because they knew or should have known that snowmobilers would not be able to tell that the land was higher where the trenches were located if the property was covered with snow. The

---

1. Plaintiffs' assignments of error have been consolidated for ease of discussion.

Stiners amended their complaint on January 13, 1995, to add Carl Kolb as a defendant. By their amended complaint, they averred that Kolb had been negligent and reckless in his failure to place barriers or warning signs around the area where the terrain was uneven because he knew or should have known that people snowmobiled on the property and could be injured when going over the area where the trenches were located.

The Dechants and Notleys moved the court for summary judgment on August 30, 1995. They supported their motion with depositions of Timothy Stiner, Dennis Stiner, and Scott Dillen and affidavits of John Notley, Rebecca Notley, Herbert Dechant, and Thelma Dechant. On September 1, 1995, Kolb moved the court for summary judgment. He supported his motion with his own affidavit. Plaintiffs responded separately to the motions on October 6, 1995, with memoranda in opposition, affidavits of Kenneth Stiner and Dan Cairns, and excerpts from the deposition of Darlene Kanuch.[2] The Dechants, Notleys, and Kolb filed additional memoranda in support of their motions on October 16, 1995, and on October 18, 1995.

The Dechants and Notleys argued that Stiner was a trespasser on their property. They asserted that they did not breach any duty owed to Stiner by failing to warn him about or protect him from the uneven terrain because it was an "open and obvious danger." They further argued that, assuming that they acquiesced in snowmobiling on their property and, based upon that acquiescence, Stiner was a licensee, they were nevertheless immune from all liability pursuant to R.C. 1533.181 (the recreational user statute). Kolb argued that he did not breach any duty owed to Stiner because it was not reasonably foreseeable to him that people snowmobiled on the property. The trial court granted all defendants summary judgment on January 4, 1996. Plaintiffs timely appealed to this court.

## II

### A

Plaintiffs' first assignment of error is that the trial court incorrectly granted the Dechants and Notleys summary judgment because there was a genuine issue

---

**2.** Plaintiffs did not file Kanuch's deposition in its entirety, but instead attached pages from that deposition to their memoranda in opposition to defendants' motions for summary judgment. The Dechants and Notleys argued in the trial court that plaintiffs should not be able to rely on the attached deposition excerpts, since they had not filed the complete deposition with the court. Since defendants objected to plaintiffs' use of the deposition excerpts, this court will not consider them in determining whether the trial court incorrectly granted defendants summary judgment. Plaintiffs should have filed the complete deposition in order for it to have been properly before the trial court and this court. *Putka v. Parma* (1993), 90 Ohio App.3d 647, 649, 630 N.E.2d 380, 381; *Westenbarger v. St. Thomas Med. Ctr.* (June 29, 1994), Summit App. No. 16119, unreported, 1994 WL 286022.

of material fact regarding whether they breached a duty owed to him as a licensee on their property. In reviewing a trial court's ruling on a motion for summary judgment, this court applies the same standard a trial court is required to apply in the first instance: whether there were any genuine issues of material fact and whether the moving party was entitled to judgment as a matter of law. *Parenti v. Goodyear Tire & Rubber Co.* (1990), 66 Ohio App.3d 826, 829, 586 N.E.2d 1121, 1122–1123.

A "licensee" is "'a person who enters the premises of another by permission or acquiescence, for his own pleasure or benefit, and not by invitation * * *.'" *Wieber v. Rollins* (1988), 55 Ohio App.3d 106, 107, 562 N.E.2d 908, 910, quoting *Light v. Ohio Univ.* (1986), 28 Ohio St.3d 66, 68, 28 OBR 165, 167–168, 502 N.E.2d 611, 613–614. A landowner owes a licensee the duty to refrain from willfully or wantonly injuring him and to warn him of hidden dangers. *Fuehrer v. Westerville City School Dist.* (1991), 61 Ohio St.3d 201, 204, 574 N.E.2d 448, 450–451; *Easterling v. Am. Olean Tile Co., Inc.* (1991), 75 Ohio App.3d 846, 853–854, 600 N.E.2d 1088, 1092–1094.

Plaintiffs have conceded that the Dechants and Notleys did not give Stiner or his companions express permission to snowmobile on their property. Instead, they have argued that Stiner was a licensee because the Dechants and Notleys acquiesced in the continued use of their property for snowmobiling. In support, they have referred to the affidavits of Stiner, his brothers Timothy Stiner and Dennis Stiner, and his friend, Scott Dillen, in which they stated that they and others had snowmobiled on that property for years without anyone telling them to leave.

The Dechants and Notleys have consistently asserted that Stiner was trespassing on their property and that they owed him only the limited duty that applies to trespassers.[3] They have denied that they were aware that people were snowmobiling on their property or that they acquiesced in the use of their property for snowmobiling. For purposes of argument, they have asserted that, if they did acquiesce in snowmobiling on their property, as plaintiffs have contended, and if that acquiescence rendered Stiner a licensee, then they would be immune from all liability pursuant to R.C. 1533.181, the recreational user statute. That statute provides:

"(A) No owner, lessee, or occupant of premises:

---

3. A landowner owes a trespasser only the duty to refrain from willful or wanton misconduct. *Easterling v. Am. Olean Tile Co., Inc.* (1991), 75 Ohio App.3d 846, 853, 600 N.E.2d 1088, 1092–1093.

"(1) Owes any duty to a recreational user to keep the premises safe for entry or use;

"(2) Extends any assurance to a recreational user, through the act of giving permission, that the premises are safe for entry or use;

"(3) Assumes responsibility for or incurs liability for any injury to person or property caused by any act of a recreational user."

In past decisions on recreational user immunity, the Ohio Supreme Court held that, in order for a property owner to be immune under R.C. 1533.181, the property upon which the injury occurred must have been held open for public use. See *Fryberger v. Lake Cable Recreation Assn., Inc.* (1988), 40 Ohio St.3d 349, 350–351, 533 N.E.2d 738, 739–741. Effective September 29, 1995, however, the General Assembly amended R.C. 1533.181 to no longer require that "privately owned, nonresidential" property be "kept open for public use." Under R.C. 1533.181(B), an "owner, lessee, or occupant of privately owned, nonresidential premises" is immune from liability "whether or not the premises are kept open for public use and whether or not the owner, lessee, or occupant denies entry to certain individuals." The undisputed evidence in this case is that the property on which Stiner was injured was farmland that was not used as a residence by defendants or third parties. Since the property was nonresidential in nature, the Dechants and Notleys were potentially immune from liability pursuant to that statute regardless of whether they held out their property to the general public for recreational use. R.C. 1533.181(B).

A "recreational user" is a "person to whom permission has been granted, without the payment of a fee or consideration to the owner, lessee, or occupant of premises, * * * to enter upon premises to hunt, fish, trap, camp, hike, swim, or engage in other recreational pursuits." R.C. 1533.18(B). Snowmobiling is a recreational pursuit within the meaning of that statute. *Miller v. Dayton* (1989), 42 Ohio St.3d 113, 115, 537 N.E.2d 1294, 1296–1297, citing *Johnson v. New London* (1988), 36 Ohio St.3d 60, 521 N.E.2d 793.

Plaintiffs have argued that R.C. 1533.181 does not provide the Dechants and Notleys immunity from liability for any injuries Stiner sustained while snowmobiling on their property because they never gave him express permission to use their property for that purpose. According to plaintiffs, a person is a recreational user, within the meaning of R.C. 1533.18(B), only if he or she was given express permission by the owner, lessee, or occupants of the premises to use it for a recreational pursuit. That statute, however, has not been construed as narrowly as plaintiffs have asserted. Rather, a recreational user, as defined by that statute, can be either someone who was given express permission to use the property for a recreational pursuit or someone who participates in a recre-

ational pursuit with the owner's, lessee's, or occupant's acquiescence. See *Parks v. Eaton* (Oct. 9, 1995), Preble App. No. CA95–03–004, unreported, 1995 WL 591148, citing *Sorrell v. Ohio Dept. of Natural Resources* (1988), 40 Ohio St.3d 141, 143–145, 532 N.E.2d 722, 725–727. The legislature would not have intended to provide protection to a landowner from actions by people to whom the landowner gave express permission to use the landowner's property while denying protection from actions by people using the landowner's property based upon the landowner's acquiescence.

■ If the Dechants and Notleys acquiesced in the use of their property for snowmobiling, Stiner, at the time he was injured, was a recreational user within the meaning of R.C. 1533.18(B). He was engaged in a recreational pursuit with the property owners' permission and without having paid them any fee or consideration. Pursuant to R.C. 1533.181(A)(1), the Dechants and Notleys owed Stiner no duty as a recreational user to keep their land "safe for entry or use" and thus were immune from any liability for injuries he sustained while riding his snowmobile on their land. The trial court, therefore, correctly granted defendants summary judgment. Plaintiffs' first assignment of error is overruled.

## B

■ Plaintiffs' second assignment of error is that the trial court incorrectly granted Kolb summary judgment because there was a genuine issue of material fact regarding whether he breached a duty owed to Stiner by failing to erect barricades or to otherwise warn him about the uneven terrain. The liability of a contractor for injury caused by work he performed on property in which he does not have a property interest is not dependent on the status of the plaintiff when he was injured on the property. *Simmers v. Bentley Constr. Co.* (1992), 64 Ohio St.3d 642, 645, 597 N.E.2d 504, 507. Rather, a contractor's duty to a plaintiff depends upon the relationship of the parties and the foreseeability of injury to a person in plaintiff's position. *Id.* An injury is foreseeable if the defendant knew or should have known that his actions would likely result in harm to the plaintiff. *Id.*

■ Plaintiffs have argued that Kolb had a duty to either erect barricades or warn Stiner about the uneven terrain because it should have been reasonably foreseeable to him that snowmobilers could be injured if he did not take those actions. Kolb has asserted that he was not aware that people snowmobiled on the property and thus could not have foreseen that someone could be injured while snowmobiling over the uneven terrain. The only evidence plaintiffs offered in the trial court that Kolb knew or should have known that people snowmobiled on the property was Stiner's assertion in his affidavit that he had snowmobiled on the property on January 8, 1995, five days before Kolb dug the trenches, and,

therefore, had probably left tracks in the snow that would have put Kolb on notice that people snowmobiled on the property. Plaintiffs, however, did not introduce evidence that any tracks Stiner left in the snow on January 8, 1995, were still visible when Kolb dug the trenches. In the absence of such evidence, the fact that Stiner might have left tracks in the snow five days before the excavation work was performed was insufficient to establish that Kolb knew or should have known that people snowmobiled on the property.

Since it was not reasonably foreseeable to Kolb that a snowmobiler could be injured while using the property, he did not breach a duty to Stiner by failing to erect barriers or to warn him about the uneven terrain. The trial court correctly granted Kolb summary judgment. Plaintiffs' second assignment of error is overruled.

### III

Plaintiffs' assignments of error are overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

QUILLIN, P.J., and SLABY, J., concur.