[Cite as *Roberts v. Switzerland of Ohio Local School Dist.*, 2014-Ohio-78.]

STATE OF OHIO, MONROE COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| MORGAN ROBERTS, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | CASE NO. 12 MO 8 |
| V. | ) | |
| | ) | OPINION |
| SWITZERLAND OF OHIO LOCAL | ) | |
| SCHOOL DISTRICT, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:     Civil Appeal from Court of Common
                              Pleas of Monroe County, Ohio
                              Case No. 2012-163

JUDGMENT:                     Affirmed

APPEARANCES:
For Plaintiff-Appellee        Attorney J. Kevin Flanagan
                              510 Tomlinson Avenue
                              Moundsville, WV 26041

For Defendant-Appellant       Attorney Sandra R. McIntosh
                              Capitol Square Office Building
                              65 E. State Street, Suite 800
                              Columbus, Ohio 43215-7303

JUDGES:

Hon. Gene Donofrio
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite

Dated: January 7, 2014

DONOFRIO, J.

{¶1} Defendant-appellant, the Switzerland of Ohio Local School District Board of Education (the Board), appeals from a Monroe County Common Pleas Court judgment denying its motion to dismiss for failure to state a claim and asserting political subdivision immunity and recreational user immunity.

{¶2} On May 29, 2012, plaintiff-appellee, Morgan Roberts, filed a complaint against the Board alleging that while she was participating in track and field practice on the premises of Beallsville High School and was standing in an area designated by the Board's agents as a "safe zone," she was struck in the head and face by a discus that was thrown by another Beallsville High School student. Roberts asserted the Board, through its agents and employees, was negligent in causing the discus to strike her and informing her and others that it was safe to be in an area where a discus could be thrown and in failing to erect a fence or cage around the rear of the discus circle. Roberts claimed that she suffered multiple serious injuries as a result of the Board's negligence.

{¶3} In response, the Board filed a Civ.R. 12(B)(6) motion to dismiss. It asserted that (1) it was entitled to political subdivision immunity and (2) Roberts's claim was barred by the recreational user statute. Roberts filed a response opposing the motion to dismiss.

{¶4} After a hearing on the matter, the trial court denied the Board's motion.

{¶5} The Board filed a timely notice of appeal on October 2, 2012.

{¶6} Generally, the denial of a motion to dismiss is not a final, appealable order. *State Auto Mut. Ins. Co. v. Titanium Metals Corp.*, 108 Ohio St.3d 540, 2006-Ohio-1713, 844 N.E.2d 1199, ¶8. But in this case the Board's motion to dismiss was based on the premise of governmental immunity. The Ohio Supreme Court has held: "When a trial court denies a motion in which a political subdivision or its employee seeks immunity under R.C. Chapter 2744, that order denies the benefit of an alleged immunity and is therefore a final, appealable order pursuant to R.C. 2744.02(C)." *Hubbell v. City of Xenia*, 115 Ohio St.3d 77, 873 N.E.2d 878, 2007-Ohio-4839, at the syllabus.

{¶7} The standard of review for a Civ.R. 12(B)(6) motion to dismiss requires the appellate court to independently review the complaint to determine if the dismissal was appropriate. *Ferreri v. The Plain Dealer Publishing Co.*, 142 Ohio App.3d 629, 639, 756 N.E.2d 712 (8th Dist.2001). A motion to dismiss for failure to state a claim upon which relief can be granted is a procedural motion that tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548, 605 N.E.2d 378 (1992). In order to dismiss a complaint for failure to state a claim upon which relief can be granted, the court must find beyond doubt that the plaintiff can prove no set of facts warranting relief after it presumes all factual allegations in the complaint are true, and construes all reasonable inferences in the plaintiff's favor. *State ex rel. Seikbert v. Wilkinson*, 69 Ohio St.3d 489, 490, 633 N.E.2d 1128 (1994).

{¶8} The Board raises three assignments of error. We will address the third assignment of error first for ease of discussion. It states:

THE TRIAL COURT ERRED WHEN IT CONSIDERED MATERIALS OUTSIDE THE PLEADINGS IN DECIDING THE BOARD'S MOTION TO DISMISS.

{¶9} In this assignment of error, the Board asserts that in ruling on the motion to dismiss, the trial court improperly considered a copy of the National Federation of State High School Associations (NFSHSA) Rules that Roberts attached to her response to the Board's motion to dismiss.

{¶10} The trial court is not permitted to resort to evidence outside of the complaint to support dismissal under Civ.R. 12(B)(6). *Dombroski v. WellPoint, Inc.*, 173 Ohio App.3d 508, 2007-Ohio-5054, 879 N.E.2d 225, ¶10 (7th Dist.) (reversed on other grounds). If the court considers evidence outside the record, it must convert the motion to dismiss to a motion for summary judgment. *Ohio Bur. Of Workers' Comp. v. McKinley*, 7th Dist. No. 09-CO-3, 2010-Ohio-1006, ¶59. If the court converts the motion to one for summary judgment, it must give the parties 14 days

notice and a reasonable opportunity to present all materials pertinent to such motion. *Id.*; *Calin v. Nemes*, 7th Dist. No. 11-MA-12, 2010-Ohio-1409, ¶15.

**{¶11}** In its judgment entry here, the trial court relied in part on *Henney v. Shelby City School Dist.*, 5th Dist. No. 2005 CA 0064, 2006-Ohio-1382. The trial court noted that in *Henney*, the school district failed to follow the NFSHSA's requirements to install side mats adjacent to the pole vault landing pads. The trial court then noted that in this case Roberts alleged the Board failed to cover the discus pit in violation of the NFSHSA Rules. The court found that, for purposes of this motion, the failure to surround the discus area with fencing or a cage, like the failure to install the side pads in *Henney*, is not covered by political subdivision immunity.

**{¶12}** The trial court did not convert the motion to dismiss to a motion for summary judgment nor did it give the parties 14 days notice and a reasonable opportunity to present any other pertinent materials. Thus, the court should not have considered the copy of the NFSHSA's Rules that Roberts attached to her response to the motion to dismiss.

**{¶13}** But the trial court's misstep does not necessarily constitute reversible error. This court is required to review the complaint and determine whether Roberts has stated any claim for which relief could be granted. Our review is de novo. In reviewing the merits of the motion to dismiss in the Board's subsequent assignments of error, we will not consider the NFSHSA Rules because they were not part of the complaint and we will independently determine whether the motion to dismiss should have been granted.

**{¶14}** Accordingly, the Board's third assignment of error is without merit.

**{¶15}** The Board's first assignment of error states:

THE TRIAL COURT ERRED BY DENYING THE BOARD'S MOTION TO DISMISS ON THE BASIS OF POLITICAL SUBDIVISION IMMUNITY.

**{¶16}** The Board first argues that the trial court incorrectly found that the

exception to immunity set out in R.C. 2744.02(B)(4) applied here. It asserts the trial court relied on outdated and superseded case law that interpreted the old version of R.C. 2744.02(B)(4). The Board contends the trial court relied solely on *Hubbard v. Canton City Bd. Of Education*, 97 Ohio St.3d 451, 2002-Ohio-6718, 780 N.E.2d 543, which predated the amendment to R.C. 2744.02(B)(4). The Board asserts the statute was amended to specifically limit liability for negligence due to physical defects. And it notes that the trial court failed to explain how the current version of the statute negates its immunity. In fact, the Board points out, the trial court specifically found in its judgment entry that Roberts's claim was not based on any alleged defect on the school grounds.

{¶17} Whether a political subdivision is entitled to immunity is analyzed using a three-tiered process. *Green Cty. Agricultural Soc. v. Liming*, 89 Ohio St.3d 551, 556, 733 N.E.2d 1141 (2000). Under the first tier, R.C. 2744.02(A)(1) sets out the general rule that political subdivisions are not liable in damages. *Id*. at 556-557. Under the second tier, the court must determine whether any of the exceptions to immunity set out in R.C. 2744.02(B) apply. *Id*. at 557. Finally, under the third tier, if the court finds that any of R.C. 2744.02(B)'s exceptions apply, it must consider R.C. 2744.03, which provides defenses and immunities to liability. *Id*.

{¶18} A school district is a political subdivision of the State of Ohio. R.C. 2744.01(F). Moreover, the design, construction, reconstruction, renovation, repair, maintenance, and operation of any school athletic facility or recreational area, including a playfield, are governmental functions. R.C. 2744.01(C)(2)(u). Thus, in this case, we must begin our analysis under the first tier with the premise that the Board is entitled to immunity.

{¶19} Next, under the second tier, the possible exception to immunity in this case on which Roberts relies is set out in R.C. 2744.02(B)(4):

> (B) Subject to sections 2744.03 and 2744.05 of the Revised Code, a political subdivision is liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by an act or

omission of the political subdivision or of any of its employees in connection with a governmental or proprietary function, as follows:

* * *

(4) Except as otherwise provided in section 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to person or property that is caused by the negligence of their employees and that occurs within or on the grounds of, *and is due to physical defects within or on the grounds of,* buildings that are used in connection with the performance of a governmental function, including, but not limited to, office buildings and courthouses, but not including jails, places of juvenile detention, workhouses, or any other detention facility * * *.

(Emphasis added.)

{¶20} R.C. 2744.02(B) was amended on April 9, 2003. The 2003 amendment to R.C. 2744.02(B)(4) added the language "and is due to physical defects within or on the grounds of" after "that is caused by the negligence of their employees and that occurs within or on the grounds of." Other than this addition, the statute remained the same. The statute was changed to limit liability for negligence that is due to physical defects within or on the grounds that are used in connection with a governmental function. *Aratari v. Leetonia Exempt Village School Dist.*, 7th Dist. No. 06-CO-11, 2007-Ohio-1567, ¶30.

{¶21} R.C. 2744.02(B)(4) requires two elements for the exception to apply: (1) a negligent act and (2) a physical defect within or on the grounds of the political subdivision. *DeMartino v. Poland Loc. School Dist.*, 7th Dist. No. 10-MA-19, 2011-Ohio-1466, ¶34.

{¶22} In this case, the question surrounds whether there was a physical defect on the school grounds. The trial court failed to address this issue when discussing whether political subdivision immunity applied. It simply concluded that R.C. 2744.02(B)(4) applied because "the alleged negligent, reckless, and/or wanton

conduct occurred on school grounds."

**{¶23}** Roberts cites to two cases that provide us with some guidance.

**{¶24}** First, Roberts cites to *Moore v. Lorain Metro. Housing Auth.*, 121 Ohio St.3d 455, 2009-Ohio-1250, 905 N.E.2d 606, where the plaintiff alleged two children would have escaped injury from a fire if a housing authority employee had not removed the only working smoke detector and negligently failed to replace it. The Ninth District certified a conflict to the Ohio Supreme Court regarding whether operation of a public housing authority is a proprietary or a governmental function. The only mention the Court made as to the "physical defect" element was to point out that the trial court did not fully consider whether the absence of a required smoke detector is a "physical defect," which if established would dissolve immunity. *Id.* at ¶25. Therefore, the Court remanded the matter to the trial court for further proceedings to determine whether the R.C. 2744.02(B)(4) exception to immunity applied.

**{¶25}** In this case, the alleged physical defect is the "safe zone" that was not safe. In *Moore*, the Supreme Court left open the possibility that the absence of a safety feature could constitute a physical defect.

**{¶26}** Next, Roberts cites to *Moss v. Lorain Cty. Bd. of Mental Retardation*, 185 Ohio App.3d 395, 2009-Ohio-6931, 924 N.E.2d 401 (9th Dist.), where the mother of a developmentally-disabled seven-year-old, alleged her child was burned when he spilled a pot of hot coffee on his chest. She claimed her child's injury was the result of negligent design, maintenance, and construction of the classroom that resulted in a physical defect, namely an unsecured kitchen containing various potential hazards that threatened the safety of the special-needs students. The Ninth District, without elaborating on the issue, found the mother alleged sufficient facts that if proven, demonstrated that the R.C. 2744.02(B)(4) exception applied to the matter.

**{¶27}** In *Moss*, the alleged physical defect was the unsafe kitchen area. Similarly, in this case the alleged physical defect was the unsafe "safe zone."

**{¶28}** Some cases have found the "physical defect" element is not satisfied by

the failure to provide some type of safety measure. See, *Hamrick v. Bryan City School Dist.*, 6th Dist. No. WM-10-014, 2011-Ohio-2572 (absence of a cover and a painted lip surrounding service pit in a school bus garage was not a "physical defect" within the meaning of R.C. 2744.02(B)(4)); *Contreraz v. Bettsville*, 3d Dist. No. 13-10-48, 2011-Ohio-4178 (failure to post warning signs of deep water in a swimming area did not amount to a physical defect in the property). The distinction between those cases and the case sub judice, however, is that they were decided on summary judgment motions where the court could consider the evidence submitted. In this case, we are simply to review the complaint and presume all factual allegations as true.

**{¶29}** The complaint in the present case states that Roberts was standing in an area designated by the Board's agents as a "safe zone." While standing in the designated safe zone, she was struck with a discus thrown by another student. The complaint states the Board's agents were negligent in informing Roberts that it was safe to be in an area where a discus could be thrown and in failing to erect a fence, cage, or other device around the rear of the discus circle.

**{¶30}** Taking these facts as true and construing all reasonable inferences in favor of Roberts, as we are required to do, we find that the trial court properly upheld the complaint. Clearly, the complaint alleges a negligent act, the instruction by the Board's agent that it was safe for Roberts to stand in an area that was not, in fact, safe. Additionally, the complaint sufficiently alleges a physical defect on the grounds of the political subdivision. As can be seen from *Moore*, 121 Ohio St.3d 455, and *Moss*, 185 Ohio App.3d 395, the courts have left open the possibility that the absence of a safety feature or the existence of an unsafe area that is supposed to be safe, can be the type of defect contemplated by R.C. 2744.02(B)(4). Whether the specific defect here removes immunity from the Board is best left to summary judgment proceedings.

**{¶31}** Accordingly, the Board's first assignment of error is without merit.

**{¶32}** The Board's second assignment of error states:

THE TRIAL COURT ERRED BY DENYING THE BOARD'S MOTION TO DISMISS ON THE BASIS OF RECREATIONAL USER IMMUNITY.

{¶33} The Board contends here that it is immune from liability because Roberts was a recreational user and track practice is a recreational pursuit. The Board asserts it did not owe Roberts a duty to keep the track field safe for use under R.C. 1533.181(A)(1). And it asserts that while R.C. 1533.18(A) appears to limit the statute to privately-owned premises, a political subdivision has derivative immunity from tort liability to a recreational user to the same extent an owner of private land does. The Board further contends the recreational user statute provides it with immunity for informing Roberts that it was safe to be in an area where a discus could be thrown. Finally, the Board claims it is immune from liability because Roberts's injury was caused by another recreational user.

{¶34} R.C. 1533.181 gives owners of premises held open to the public for recreational use immunity from liability for injuries sustained by persons using the premises. R.C. 1533.181 reads:

> (A) No owner, lessee, or occupant of premises:
> (1) Owes any duty to a recreational user to keep the premises safe for entry or use;
> (2) Extends any assurance to a recreational user, through the act of giving permission, that the premises are safe for entry or use;
> (3) Assumes responsibility for or incurs liability for any injury to person or property caused by any act of a recreational user.
> (B) Division (A) of this section applies to the owner, lessee, or occupant of privately owned, nonresidential premises, whether or not the premises are kept open for public use and whether or not the owner, lessee, or occupant denies entrance to certain individuals.

**{¶35}** R.C. 1533.18(B) defines a "recreational user" as a person to whom permission has been granted to enter upon premises "to hunt, fish, trap, camp, hike, or swim, * * * or to engage in *other recreational pursuits.*" (Emphasis added.)

**{¶36}** It is well-settled that R.C. 1533.181 applies to incidents occurring on school district property. *Mason v. Bristol Loc. School Dist. Bd. Of Edn.*, 11th Dist. No. 2005-T-0067, 2006-Ohio-5174, ¶56.

**{¶37}** The Board relies on a similar case, where a student athlete participating in a track and field event was hit in the face with a discus thrown by another student athlete. *Mason*, 11th Dist. No. 2005-T-0067. She filed a complaint alleging the school board was negligent in failing to construct, maintain, and design a safe discus pit, in its failure to warn people regarding the discus pit, and in supervising the students. The trial court granted the board's motion for summary judgment and the student appealed. The Eleventh District found that the student was a recreational user when she was struck with the discus. *Id.* at ¶57. Noting that the student maintained the discus pit was unsafe in its construction, maintenance, and design and therefore implicating the safety of the "premises," the court concluded that the board was entitled to immunity under the recreational user statute. *Id.* at ¶63.

**{¶38}** While *Mason* appears to be factually similar to the present case, there is one notable distinction. *Mason* was decided on summary judgment. Here we are faced with a motion to dismiss on the pleadings. The evidence has yet to be developed in this case.

**{¶39}** Moreover, evidence has yet to be developed as to whether the Beallsville High School track and field practice area was open to the public. In commenting on this issue, the Ninth District stated:

> In past decisions on recreational user immunity, the Ohio Supreme Court held that, in order for a property owner to be immune under R.C. 1533.181, the property upon which the injury occurred must have been held open for public use. See *Fryberger v. Lake Cable Recreation Assn., Inc.* (1988), 40 Ohio St.3d 349, 350-351, 533 N.E.2d

738, 739-741. Effective September 29, 1995, however, the General Assembly amended R.C. 1533.181 to no longer require that "privately owned, nonresidential" property be "kept open for public use." Under R.C. 1533.181(B), an "owner, lessee, or occupant of privately owned, nonresidential premises" is immune from liability "whether or not the premises are kept open for public use and whether or not the owner, lessee, or occupant denies entry to certain individuals."

*Stiner v. Dechant*, 114 Ohio App.3d 209, 214, 683 N.E.2d 26 (9th Dist.1996).

**{¶40}** In this case, Roberts was a member of the track and field team and was on the Beallsville High School property for track and field practice. Whether she was a recreational user as defined by the statute and the characterization of the school property are questions best left for summary judgment.

**{¶41}** Accordingly, the Board's second assignment of error is without merit.

**{¶42}** For the reasons stated above, the trial court's judgment is hereby affirmed.

Vukovich, J., concurs.

Waite, J., concurs in judgment only.