[Cite as *Cochran v. Presbyterian Church of Bloomingdale*, 2016-Ohio-7020.]

STATE OF OHIO, JEFFERSON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| LESLIE D. COCHRAN, et al. | ) | |
| | ) | |
| | ) | |
| PLAINTIFFS-APPELLANTS | ) | CASE NO. 15 JE 0011 |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| PRESBYTERIAN CHURCH OF | ) | |
| BLOOMINGDALE, et al. | ) | |
| | ) | |
| DEFENDANTS-APPELLEES | ) | |

CHARACTER OF PROCEEDINGS:      Civil Appeal from Court of Common
Pleas, Jefferson County, Ohio
Case No. 13 CV 382

JUDGMENT:                                   Affirmed.

APPEARANCES:
For Plaintiffs-Appellants                  Attorney Michael Metro
16 Chatham Square
Pittsburgh, Pennsylvania 15219

For Defendants-Appellees                Attorney Gregory Beck
Attorney Tonya Rogers
400 South Main Street
Canton, Ohio 44720

JUDGES:

Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Cheryl L. Waite

Dated: September 23, 2016

DeGENARO, J.

{¶1} Plaintiffs-Appellants, Leslie and Jerry Cochran appeal the trial court's judgment granting Wayne Township summary judgment on the basis of statutory immunity.

{¶2} The Cochrans were riding their motorcycle when it began to rain, and they parked at the Bloomingdale Cemetery. Jerry leaned on a headstone while changing clothes, causing it to fall onto and injure Leslie. The Cochrans filed a complaint for negligent maintenance of the cemetery against the Township and Board of Trustees, which owns the cemetery.

{¶3} Wayne Township filed a motion for summary judgment asserting that it was entitled to immunity. The Cochrans did not contest that the trustees were being sued in their official capacity and were therefore protected by R.C. 2744.02. After two hearings the trial court granted Wayne Township summary judgment. The trial court determined there was no genuine question of fact as to whether the cemetery in question was "within or on the grounds of the municipal building." The trial court further held that as the maintenance of the cemetery was conducted by an independent contractor, there was no negligence of any township employees relative to the cemetery.

{¶4} The Cochrans assert:

The trial court erred in granting Appellee-Wayne Township summary judgment as there exists a genuine issue of material fact as to whether the headstone is "on the grounds of" Appellee-Wayne Township's municipal building.

The trial court erred in finding that the headstone was not "on the grounds of" Appellee-Wayne Township's municipal building as reasonable minds could reach different conclusions on this issue.

The trial court erred in not viewing the evidence most strongly in favor of Appellants, the non-moving parties, as required by Ohio law.

**{¶5}** When reviewing a trial court's decision to grant summary judgment, an appellate court review is de novo. *Comer v. Risko,* 106 Ohio St.3d 185, 2005-Ohio-4559, 833 N.E.2d 712, ¶ 8. Summary judgment will be granted when the movant demonstrates, viewing the evidence most strongly in favor of the nonmovant, that reasonable minds can find no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Doe v. Shaffer,* 90 Ohio St.3d 388, 390, 2000-Ohio-186, 738 N.E.2d 1243. A material fact is one that affects the outcome of the suit under the applicable substantive law. *Bank v. Miller,* 7th Dist. No. 13 MA 119, 2015-Ohio-2325, ¶ 26.

**{¶6}** Wayne Township and its trustees filed a motion for summary judgment asserting that pursuant to the Political Subdivision Tort Liability Act, R.C. 2744.02, they are immune.

> For the purposes of this chapter, the functions of political subdivisions are hereby classified as governmental functions and proprietary functions. Except as provided in division (B) of this section, a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function.

R.C. 2744.02(A)(1)

**{¶7}** The parties do not debate that the "design, construction, reconstruction, renovation, operation, care, repair, and maintenance of a township cemetery" is a government function pursuant to R.C. 2744.01(C)(2)(s). However, the Cochrans assert the exception in R.C. 2744.02(B)(4) applies:

> [P]olitical subdivisions are liable for injury, death, or loss to person or property that is caused by the negligence of their employees and that occurs within or on the grounds of, and is due to physical defects within

or on the grounds of, buildings that are used in connection with the performance of a governmental function, including, but not limited to, office buildings and courthouses, but not including jails, places of juvenile detention, workhouses, or any other detention facility, as defined in section 2921.01 of the Revised Code.

**{¶8}** A three-tiered analysis is used when evaluating immunity:

Under the first tier, R.C. 2744.02(A)(1) sets out the general rule that political subdivisions are not liable in damages. [*Green Cty. Agricultural Soc. v. Liming*, 89 Ohio St.3d 551, 556-57, 2000-Ohio-486, 733 N.E.2d 1141] Under the second tier, the court must determine whether any of the exceptions to immunity set out in R.C. 2744.02(B) apply. *Id.* at 557, 733 N.E.2d 1141. Finally, under the third tier, if the court finds that any of R.C. 2744.02(B)'s exceptions apply, it must consider R.C. 2744.03, which provides defenses and immunities to liability. *Id.*

*Roberts v. Switzerland of Ohio Local School Dist.,* 2014-Ohio-78, 7 N.E.3d 526, ¶ 17 (7th Dist.).

**{¶9}** "Immunity is a doctrine that provides a complete defense to a tort action. By asserting an immunity defense, the defendant does not allege that there was no negligence. The defendant is asserting that it is protected from liability for negligence by reason of R.C. Chapter 2744." *Rondy v. Richland Newhope Industries, Inc.,* 5th Dist. No. 15CA45, 2016-Ohio-118, ¶ 27. Both parties agree that the first tier is met. As such, Wayne Township and the trustees are presumptively immune from liability under R.C. 2744.02(A)(1) and are entitled to immunity unless one of the exceptions in R.C. 2744.02(B) applies. Regarding R.C. 2744.02,

R.C. 2744.02(B) was amended on April 9, 2003. The 2003 amendment to R.C. 2744.02(B)(4) added the language "and is due to physical defects within or on the grounds of" after "that is caused by the

negligence of their employees and that occurs within or on the grounds of." Other than this addition, the statute remained the same. The statute was changed to limit liability for negligence that is due to physical defects within or on the grounds that are used in connection with a governmental function. *Aratari v. Leetonia Exempt Village School Dist.,* 7th Dist. No. 06–CO–11, 2007-Ohio-1567, 2007 WL 969402, ¶ 30.

*Roberts, supra,* ¶ 20.

**{¶10}** R.C. 2744.02(B)(4) requires two elements for the exception to apply: a negligent act and a physical defect within or on the grounds of the political subdivision. *DeMartino v. Poland Loc. School Dist.,* 7th Dist. No. 10 MA 19, 2011-Ohio-1466, ¶ 34. "R.C. 2744.02(B)(4) requires the injuries at issue to be caused *both* by a political-subdivision employee's negligence *and* a physical defect on the grounds." *Parmertor v. Chardon Local Schools,* 2016-Ohio-761, 47 N.E.3d 942, ¶ 16 (11th Dist.).

**{¶11}** Considering whether the exception applies here the trial court stated:

The cemetery in question has no buildings and would therefore appear to be outside of the provisions of R.C. 2744.02(B)(4). Plaintiff, however, claims that the cemetery is "within or on the grounds of" the municipal building.

It would appear beyond question that the cemetery is separated from the municipal building by two (2) parcels of real estate that are not township owned. Plaintiff claims that the cemetery is still "within or on the grounds of" because the garage housing the equipment used to maintain the cemetery is located at the municipal building. Plaintiff sites (sic) *Matthews v. City of Waverly* 4th District 210-Ohio for the proposition that property on a separate parcel can still be "on the grounds of" a parcel with buildings. In that case, however, the parcels

were adjoining each other and were not physically separated by non-owned land. In that case the parcels were used together as one was the parking lot for the other. Here, the parcels are separated by two (2) parcels of non-owned land.

**{¶12}** The trial court ultimately concluded that because the injury did not take place "on the grounds of a building" and was not the "result of the negligence of a township employee" the township was immune rendering all other issues moot.

**{¶13}** Strangely, the Cochrans do not challenge the trial court's determination regarding employee negligence. However, case law is clear that the injury must be caused by a political-subdivision employee's negligence in order for the exception to apply. No township employee is ever identified by name. The only name mentioned in the pleadings is an independent contractor who maintains the cemetery. As such, the requirements are not met and the exception does not apply. Accordingly, the judgment of the trial court is affirmed.

Donofrio, P. J., concurs.

Waite, J., concurs.