LIGHT ET AL., APPELLEES, v. OHIO UNIVERSITY, APPELLANT.

[Cite as Light *v.* Ohio University (1986), 28 Ohio St. 3d 66.]

(No. 85-1889—Decided December 24, 1986.)

*Crabbe, Brown, Jones, Potts & Schmidt* and *Kenneth E. Harris,* for appellees.

*Anthony J. Celebrezze, Jr.,* attorney general, *Becky Moses* and *Susan Sullivan,* for appellant.

DOUGLAS, J. Whether the appellant is liable to the appellees herein depends upon our determination of the relationship of the parties and whether appellant breached the duty of care arising from that relationship.

We agree with the appellate court that Ohio's recreational-user statutes are inapplicable in this case. R.C. 1533.18(B) reads:

" 'Recreational user' means a person to whom permission has been granted, without the payment of a fee or consideration to the owner, lessee, or occupant of premises, other than a fee or consideration paid to the state or any agency thereof, to enter upon premises to hunt, fish, trap, camp, hike, swim, *or engage in other recreational pursuits.*"[1] (Emphasis added.)

---

[1] R.C. 1533.181 exempts owners, lessees or occupants of premises from liability for injury to recreational users.

The court of appeals appropriately applied the doctrine of *ejusdem generis* as an aid in its interpretation of the intent of the General Assembly when the legislature included the phrase "or engage in other recreational pursuits" in the language of this statute. Where general words follow the enumeration of particular classes of things, the general words will be construed as applying only to things of the same general class as those enumerated. *State* v. *Aspell* (1967), 10 Ohio St. 2d 1 [39 O.O.2d 1]. The guidelines provided by this rule lead us to conclude that while Mrs. Light was engaged in activity of a recreational nature, working out in a gymnasium is not within the contemplation of the recreational-user statutes. This conclusion is supported by the fact that R.C. 1533.18(B) is included in Title 15 of the Revised Code, having to do with conservation of natural resources and is part of R.C. Chapter 1533, dealing with fishing and hunting.

We therefore find that use by a member of the public, without fee, of a gymnasium owned by a university does not make such a person a "recreational user" as contemplated in R.C. 1533.18(B).

The trial court also found that the Lights were licensees when using the center, while the court of appeals concluded that the Lights were business visitors or invitees. We find that the law supports the finding of the trial court.

Business invitees are persons who come upon the premises of another, by invitation, express or implied, for some purpose which is beneficial to the owner. *Scheibel* v. *Lipton* (1951), 156 Ohio St. 308 [46 O.O. 177]. It is the duty of the owner of the premises to exercise ordinary care and to protect the invitee by maintaining the premises in a safe condition. *Presley* v. *Norwood* (1973), 36 Ohio St. 2d 29, 31 [65 O.O.2d 129]. Conversely, a person who enters the premises of another by permission or acquiescence, for his *own* pleasure or benefit, and not by invitation, is a licensee. A licensee takes his license subject to its attendant perils and risks. The licensor is not liable for ordinary negligence and owes the licensee no duty except to refrain from wantonly or willfully causing injury. *Hannan* v. *Ehrlich* (1921), 102 Ohio St. 176, paragraph four of the syllabus; see *Scheurer* v. *Trustees of the Open Bible Church* (1963), 175 Ohio St. 163 [23 O.O.2d 453].

Ohio University consented to the use of its property, by the public, for the pleasure of those making use of the facility. Appellant assumed the full cost of operating the center and no fees were charged except for rental of the lockers. However, such rental was optional. Any payment of a rental fee was merely incidental to the use of this facility. There is no evidence that appellant sought to create a profit-making commercial venture by renting lockers, but rather that the lockers were maintained to make use of the facility more convenient. Based on these facts, we can only conclude that appellees used the center as licensees.

As noted, the duty owed by a licensor is to refrain from wantonly or willfully causing harm to the licensee. There is no charge of wanton or

willful misconduct on the part of the appellant and there is no evidence in the record which would support such a finding. Accordingly, we find that appellant breached no duty owed to appellees and is, therefore, not liable for Lisa's injuries.

The judgment of the court of appeals is reversed and final judgment is entered for appellant.

*Judgment reversed.*

SWEENEY, LOCHER, HOLMES and WRIGHT, JJ., concur.

CELEBREZZE, C.J., and C. BROWN, J., concur in judgment only.


CLIFFORD F. BROWN, J., concurring in judgment only. I concur with the result reached today, since I am convinced that Lisa Light was a licensee, and that therefore the university breached no duty owed to her. However, for the reasons that follow, I cannot concur with the majority's analysis in several respects.

In my view, the majority incorrectly focuses its analysis on Lisa's mother in determining whether the recreational user statutes bar recovery herein. It was Lisa, not her mother, who was injured through use of the defendant's property, and any determination of whether the recreational-user statutes apply should center on an examination of *Lisa's* activities. Whether her mother was a recreational user is an irrelevant consideration, since no injury befell her. Thus, any analysis of whether defendant owed any duty to Mrs. Light is a meaningless exercise.

Turning to an examination of Lisa's activities on the day she was injured, it is my belief that she was not a "recreational user" within the meaning of R.C. 1533.18(B). There is no indication in the evidence that Lisa entered the premises for any recreational purpose, and defendant does not so contend. Lisa merely accompanied her mother to the gymnasium. There is practically nothing in the record from which it could be inferred that Lisa entered the building for her own recreational purpose.

I am in agreement with the majority's conclusion that the Lights were licensees, although I would again caution that the proper focus of analysis is Lisa, not her mother.

Accordingly, I concur in judgment only.