SEIGER *v.* YEAGER ET AL.

(No. 87-CV-0668 — Decided December 7, 1988.)

Court of Common Pleas of Clermont County.

*R. Lanahan Goodman,* for plaintiff.

*Rex E. Ely* and *Richard Ferenc,* for defendants.

ROBERT P. RINGLAND, J.  This matter came before the court based on defendants' motion for summary judgment. The facts as set forth in the material under Civ. R. 56 indicate that on or about November 1, 1985 plaintiff, Kitty L. Seiger, came upon the properties owned by defendants located at 1950 Lindale-Nicholsville Road in order to pick up her child from the tenant of the defendants. In approaching the residence at night, Seiger walked over log dividers located along the edge of the premises' driveway. In returning to her automobile she again walked through the yard and over the log dividers with her child; however, she tripped on a stake, which held the logs and which protruded from the log dividers, allegedly injuring herself. Defendants have filed a motion for summary judgment basing their theory on essentially four prongs: (1) that the defendants because they were out of possession had no control of the premises and therefore no duty; (2) that R.C. 5321.04 of the Landlord-Tenant Act is not applicable to the defendants and, therefore, there cannot be any negligence *per se*; (3) that plaintiff was a licensee vis-a-vis defendants, requiring a showing of wilful and wanton conduct on behalf of defendants before defendants can be considered to have breached their duty to plaintiff; and (4) that the actions of the plaintiff in stepping over the logs in the dark constituted such a level of personal negligence as to remove this matter from consideration of comparative negligence.

Defendants concede that control is a question on which reasonable minds may come to different conclusions, and, therefore, this court will not consider this matter further for purposes of summary judgment. However, it is clear that the relationship between plaintiff and defendants was that of licensee-licensors and as such the duty of care is to refrain from wilful and wanton misconduct. Can reasonable minds conclude that the placement of the stake which held the logs and upon which plaintiff tripped, after detouring from the path, constitutes wilful and wanton misconduct on the part of the defendants? This court thinks not. See *Light* v. *Ohio University* (1986), 28 Ohio St. 3d 66, 68, 28 OBR 165, 167, 502 N.E. 2d 611, 613. To determine if there was wilful and wanton misconduct this court must decide whether there is any evidence to show failure to exercise any care whatsoever by the defendants in placing the stake. *Matkovich* v. *Penn Central Transp. Co.* (1982), 69 Ohio St. 2d 210, 211-212, 23 O.O. 3d 224, 225, 431 N.E. 2d 652, 654. Further, a complete indifference to the consequences must be shown. Wanton misconduct must occur under such surrounding circumstances and existing conditions that the party doing the act or failing to act must be aware from his knowledge of such circumstances and

conditions that his conduct will probably result in injury. See *Helleren* v. *Dixon* (1949), 152 Ohio St. 40, 39 O.O. 368, 86 N.E. 2d 777, paragraph one of the syllabus; *Billings* v. *Carroll* (1960), 171 Ohio St. 167, 12 O.O. 2d 287, 168 N.E. 2d 310; 1 Ohio Jury Instructions (1983) 171, Section 7.90, Wilful or Wanton Misconduct.

Further this court finds that the case of *Damas* v. *Thompson* (Sept. 14, 1984), Lucas App. No. L-84-155, unreported, is persuasive. As such, this court will not extend the duties owed by a landlord to his tenant to third parties to create negligence *per se*.

In addition thereto, the doctrine of "step in the dark," under *Flury* v. *Central Publishing House* (1928), 118 Ohio St. 154, 160 N.E. 679, indicates that the negligence of the plaintiff herein in making a detour at night may be so overwhelming that, even with comparative negligence, reasonable minds could have but one conclusion and that is that the plaintiff's assumption of the risk, which has now been merged with contributory negligence, was the proximate cause of the injuries.

For all of the above reasons, despite the concession of control, the court finds that the motion for summary judgment filed by defendants is well-taken. The motion for summary judgment filed by plaintiff, requiring this court to accept a breach of landlord responsibilities as negligence *per se*, will be denied for the reasons set forth above. Defendants to prepare entry accordingly.

*Judgment for defendants.*