KASUNIC ET AL., APPELLANTS, *v.* CITY OF EUCLID ET AL., APPELLEES.

[Cite as Kasunic *v.* Euclid (1989), 43 Ohio St. 3d 603.]

(No. 89-286—Submitted April 11, 1989—Decided May 17, 1989.)

*Thomas G. Repicky* and *Anton Lavrisha,* for appellants.

*Cronquist, Smith, Marshall & Weaver* and *Philip J. Weaver, Jr.,* for appellee city of Euclid.

*Meyers, Hentemann, Schneider & Rea Co., L.P.A.,* and *David G. Borland,* for appellee Gary A. Leinweber.

*William J. Coyne,* for appellee Euclid Board of Education.

Appellants' motion to certify the record is overruled.

MOYER, C.J., HOLMES, WRIGHT, H. BROWN and RESNICK, JJ., concur.

SWEENEY and DOUGLAS, JJ., dissent.

DOUGLAS, J., dissenting. There are three defendants-appellees in the case now before us for consideration of whether this court should accept jurisdiction of this appeal. These appellees are the Euclid Board of Education, Gary Leinweber and the city of Euclid.

I would deny jurisdiction as to the appeal involving the board of education and Leinweber. The matters involving those appellees have been fully, finally and properly decided. I would, however, allow jurisdiction of appellants' appeal as to appellee city of Euclid.

With regard to the city of Euclid, appellants urge three propositions of law. Appellants contend first that "[t]he Ohio recreational use [*sic*] statute should not apply to an infant injured from a golf ball while standing on a ball diamond in a neighborhood school ground." Appellants are raising the issue of "recreational user" as governed by R.C. 1533.18 and 1533.181. I am satisfied that we have fully and finally settled this issue in, among others, the cases of *Light* v. *Ohio University* (1986), 28 Ohio St. 3d 66, 28 OBR 165, 502 N.E. 2d 611; *Johnson* v. *New London* (1988), 36 Ohio St. 3d 60, 521 N.E. 2d 793; and *Loyer* v. *Buchholz* (1988), 38 Ohio St. 3d 65, 526 N.E. 2d 300.

The second issue urged by appellants, however, presents a different question. It is an issue that this court is seeing on an increasing basis and one which we need to decide.

Appellants contend that "[e]ven if the recreational use [*sic*] statute applies to an infant, it does not absolve a municipality of separate liability for nuisance under Ohio Revised Code Section 723.01." R.C. 723.01 provides, in pertinent part, that "* * * [t]he legislative authority of such municipal corporation shall have the care, supervision, and control of * * * *public grounds* * * * and shall cause them to be kept open, in repair, *and free from nuisance.*" (Emphasis added.)

Regularly, we are seeing cases where it is urged that a muffler lying in the roadway, traffic congestion on a

particular street, a broken swing set in a park, a pothole in a street, or a light pole placed too close to the roadway is a "nuisance" as contemplated in R.C. 723.01. In the case at bar, the contention by appellants is that city officials were aware that persons were engaged in the activity of hitting golf balls in a public park where such activity was prohibited. The allegation is that the officials' failure to act to prevent such activity constituted a nuisance in violation of R.C. 723.01.

I believe that various expansive definitions and applications given the term "nuisance" (as used in R.C. 723.01) vis-a-vis cities are improper and misplaced.[1] With respect to municipal corporations, the word "nuisance" is a term of art and has a particular meaning. We should meet this issue and settle the question—regardless of the outcome. Until we do, repetition of the issue is a certainty.

Accordingly, I respectfully dissent from the denial by the majority of appellants' appeal as to the city of Euclid.

SWEENEY, J., concurs in the foregoing dissenting opinion.

---

[1] R.C. 3767.01 provides, in pertinent part:

"As used in *all* sections of the Revised Code relating to nuisances:

"* * *

"(C) 'Nuisance' means that which is *defined* and *declared* by *statutes* to be such * * *." (Emphasis added.)