ROSE et al., Appellants,

v.

CARDINAL INDUSTRIES, INC., Appellee.

[Cite as *Rose v. Cardinal Industries, Inc.* (1990), 68 Ohio App.3d 406.]

Court of Appeals of Ohio,
Sandusky County.

No. S-89-15.

Decided June 29, 1990.

*Robert Scott,* for appellants.
*Byron Choka,* for appellee.

ABOOD, Judge.

This is an appeal from a judgment of the Sandusky County Court of Common Pleas which denied appellants' motion for summary judgment, granted appellee's motion for summary judgment and dismissed appellants' complaint. Appellants have appealed setting forth two assignments of error:

"I. The trial court erred in holding that the case of *Damas v. Thompson,* C.A. No. L–84–155 (Lucas County, C.A. unreported September 14, 1984) is controlling upon the instant action.

"II. The trial court erred in holding that reasonable minds could come to but one conclusion, and that conclusion being adverse to the plaintiff."

The undisputed facts giving rise to this appeal are as follows. On the morning of July 26, 1986, appellant Pearl M. Rose went to the Laurel Court Apartments in Fremont, Ohio, to help her friend and employer, Dr. Lowery, who was a tenant there, move. Upon arrival, Pearl parked her car in the parking lot and saw that, although there was a sidewalk extending from the parking lot to the door of Dr. Lowery's apartment building, there was a car blocking the access to it and it was therefore necessary for her to walk through the grass to reach the sidewalk. The grass was wet because it had recently rained and Pearl's feet got wet as she proceeded across it to the sidewalk. After filling several boxes, Pearl left the apartment to get some more empty boxes from her car. Since her feet were already wet, Pearl walked diagonally through the grass instead of using the sidewalk to return to her car to get the boxes. Appellant retrieved the boxes from her car and proceeded back across the grass to the apartment, again ignoring the sidewalk, when the ground suddenly gave way beneath her left foot and she fell into a hole up to her left knee. After her fall Pearl went back into the apartment where she sat on the couch for a while and then proceeded to clean Dr. Lowery's refrigerator. Pearl tried to notify the apartment manager but

was unable to reach anybody that day. On the following Monday, however, she reached the caretaker, Mr. Griffin, by telephone. Griffin informed her that he had mowed the lawn the previous Thursday and at that time had noticed a slight indentation in the yard but couldn't figure out why it was there. He indicated that the mower did not break through the ground. On the Thursday following her fall, Pearl went to see a doctor complaining of pain in her left leg, left hip and back and was hospitalized for six days. Appellant also received pain medication, therapy, and acupuncture treatments.

On July 26, 1988, appellant Pearl Rose and her husband filed their complaint in the Sandusky County Court of Common Pleas alleging that appellee, as landlord, was negligent in failing to maintain the common areas of the premises of the Laurel Court Apartments and, as a result of that negligence, appellant Pearl Rose sustained injury to her left knee, leg, hip and bladder and became permanently, partially disabled. On September 21, 1988, appellee filed its answer and on February 3, 1989, appellee filed a motion for summary judgment. In support of its motion, appellee argued that it had no duty as a matter of law to protect Pearl from the injury alleged in the complaint. Appellee argued that any duty owed to Pearl did not extend to defects in the lawn which she chose to walk across even though access was provided by a sidewalk. Appellee argued further that appellants had failed to show that appellee had either actual or constructive notice of the condition which caused Pearl's fall.

On March 1, 1989, appellants filed their memorandum in opposition to appellee's motion for summary judgment as well as their own cross-motion for summary judgment. In support of their cross-motion, appellants argued that R.C. 5321.04 imposed a duty upon the lessor to keep all common areas of the premises in safe and sanitary condition and that appellee's failure to fulfill this duty constituted negligence *per se.* Appellants argued further that, under the statute, notice of the defect was not required and, even if there was a notice requirement, the record clearly established that appellee had notice based on the fact that the caretaker had observed an indentation in the lawn.

In response to appellants' cross-motion for summary judgment, appellee argued that the duties owed by a landlord under R.C. 5321.04 do not extend to social guests of the tenants.

On April 7, 1989, the trial court filed its judgment entry granting appellee's motion for summary judgment and denying appellants' cross-motion for summary judgment. In its judgment entry the trial court cited the case of *Damas v. Thompson* (Sept. 14, 1984), Lucas App. No. L–84–155, unreported, 1984 WL 14365, wherein this court declined to extend the duties owed by a landlord under R.C. 5321.04 to include a social guest of a tenant. The trial

court, stating that it was bound by that holding, found appellants' assertion that appellee was negligent *per se* not well taken. As to appellants' common-law negligence claim, the trial court found that, given the undisputed facts, for it to find that appellee should have known from the caretaker's observation of the slight indentation in the grass that a defect existed thereby giving rise to a duty to warn, would require it to draw an inference from an inference, which is impermissible. The trial court found that, when viewing the undisputed facts and the inferences to be drawn therefrom in a light most favorable to appellants, reasonable minds could only conclude that appellee had no notice of any defect and was, therefore, entitled to judgment as a matter of law.

It is from this decision that appellants have filed this appeal.

█ In their first assignment of error, appellants assert that the trial court erred in holding that the *Damas* case was controlling. In support of this assignment of error, appellants argue that, pursuant to R.C. 5321.04, a landlord is required to keep all common areas in a safe condition without any notice requirement or reasonableness standard. Appellants argue that this section imposes an affirmative duty upon the landlord whose duty should extend to the invitees of the tenants since the premises are rented by the landlord with the knowledge that tenants will invite guests. Appellants argue further that the Supreme Court of Ohio in *Shroades v. Rental Homes* (1981), 68 Ohio St.2d 20, 22 O.O.3d 152, 427 N.E.2d 774, held that the purpose of this statute was to protect *persons* using rented residential premises from injury. Appellants submit that the *Shroades* court, in citing both the Restatement of Torts and Prosser on Torts, clearly indicated that R.C. 5321.04 applied to guests as well as tenants. Finally, appellants argue that this court's previous opinion in *Damas, supra,* is not only not controlling but is distinguishable based upon the fact that that case involved natural accumulations of snow and ice and, therefore, should not be read to encompass the situation herein.

R.C. 5321.04(A)(3) provides:

"(A) A landlord who is a party to a rental agreement shall:

" * * *

"(3) Keep all common areas of the premises in a safe and sanitary condi-tion[.]"

The Supreme Court of Ohio in *Shroades* held at paragraph one of the syllabus that:

"A landlord is liable for injuries, sustained on the demised residential premises, which are proximately caused by the landlord's failure to fulfill the

duties imposed by R.C. 5321.04 (*Thrash v. Hill*, 63 Ohio St.2d 178 [17 O.O.3d 109, 407 N.E.2d 495], overruled.)"

The *Shroades* court explained that the enactment of R.C. Chapter 5321 was part of the Landlord–Tenant Act of 1974, which changed the previous relationship between landlords and *tenants* and imposed a number of obligations on landlords and provided remedies for *tenants* for a landlord's failure to fulfill their statutory obligations. *Id.*, 68 Ohio St.2d at 21–22, 22 O.O.3d at 153, 427 N.E.2d at 775–776. The *Shroades* court concluded that the General Assembly, in enacting this statute, had intended to provide *tenants* with greater rights and to negate previous tort immunity for landlords. *Id.* at 25, 22 O.O.3d at 155, 427 N.E.2d at 777–778.

In its previous decision in *Damas, supra,* this court addressed the specific issue of whether or not R.C. 5321.04 applies to the guests of tenants as well. In *Damas* this court refused to extend the duties owed by a landlord under R.C. 5321.04 to include a social guest of a tenant. *Id.* at 3.

While appellants cite the *Shroades* case to support their assertion that the duties and remedies of R.C. 5321.04 should be applied to a social guest, that case deals only with injury to a tenant and, although the decision is somewhat ambiguously worded, it does not clearly state that the liability provisions and duties established by R.C. 5321.04 extend to social guests. Appellants also attempt to distinguish the *Damas* case on the basis that it involved natural accumulations of snow and ice. The *Damas* court, however, clearly stated its refusal to extend the provisions of R.C. 5321.04 to guests of tenants and did not qualify that decision based upon the fact that the case dealt with natural accumulations of snow and ice.

Although appellants correctly assert that the *Damas* case is not controlling upon the trial court as it is only binding upon the parties thereto, we agree with that decision and, in the absence of any clear statutory provision or case law specifically extending the duties and remedies of R.C. 5321.04 to social guests of tenants, again decline to so extend those provisions. See, also, *Ricciardo v. Weber* (Dec. 22, 1989), Licking App. No. CA–3452, unreported, 1989 WL 155719; *Smith v. Hemphill* (Mar. 28, 1979), Crawford App. No. 3–78–7, unreported.

Upon consideration of the undisputed facts herein, and the law, this court finds that the trial court did not err when it held that appellee was not liable as a matter of law to appellants for violation of R.C. 5321.04. Accordingly, appellants' first assignment of error is not well taken.

In their second assignment of error appellants assert that the trial court erred in holding that reasonable minds could come to but one conclusion,

which conclusion is adverse to them. In support of this assignment of error, appellants, applying the common-law duty of care owed to an invitee, argue that appellee had constructive notice of a defect through its caretaker and therefore was negligent in not investigating further to discover the defect. Appellants argue that upon noticing the indentation in the lawn, appellee had a duty to inspect and cure the defect and that failure to do so constitutes negligence. Appellants argue further that no inference is necessary in order to impose this duty of reasonable care upon appellee and that the facts alone are sufficient to charge appellee with a duty to inquire as to any possible defect.

Appellee argues that there was no evidence that it had either actual or constructive notice of a hole in the lawn. Appellee submits further that the cumulative inferences required from the testimony of the caretaker to show breach of duty are clearly impermissible and the trial court properly determined that reasonable minds could only conclude that appellee had no notice of the defect and therefore was entitled to judgment as a matter of law.

The arguments of both parties herein are predicated upon the conclusion that appellant Pearl Rose should be accorded the status of an invitee for purposes of determining the common-law duty of care owed to her by appellee.

The Supreme Court of Ohio in *Light v. Ohio Univ.* (1986), 28 Ohio St.3d 66, 28 OBR 165, 502 N.E.2d 611, citing *Scheibel v. Lipton* (1951), 156 Ohio St. 308, 46 O.O. 177, 102 N.E.2d 453, explained that invitees are those who come upon the premises of another by invitation, express or implied, for some purpose which is beneficial to the owner. The *Light* court went on to state that a person who enters the premises of another by permission or acquiescence, for his own pleasure or benefit and not by invitation, is a licensee. *Id.* at 68, 28 OBR at 167, 502 N.E.2d at 613. That court then went on to identify the duty owed by a licensor to a licensee, stating that a licensor is not liable for ordinary negligence and owes no duty to a licensee except to refrain from wantonly or willfully causing injury. *Id.* at 68–69, 28 OBR at 167–168, 502 N.E.2d at 613–614. See, also, *Jeffers v. Olexo* (1989), 43 Ohio St.3d 140, 539 N.E.2d 614.

Upon consideration of the undisputed facts of this case and the law as set forth above, this court finds that as to the owner of the apartment complex, appellant was not an invitee but a licensee. As such, the only duty owed to her by appellee was to refrain from willfully or wantonly causing her harm. Here there is no allegation of such misconduct on the part of appellee and reasonable minds could only conclude that appellee did not breach its duty owed to appellant. We find, therefore, that there are no genuine issues of

material fact and appellee is entitled to judgment as a matter of law. Accordingly, appellants' second assignment of error is found not well taken.

Upon consideration whereof this court finds that substantial justice has been done the party complaining and the judgment of the Sandusky County Court of Common Pleas is affirmed. Costs assessed to appellants.

*Judgment affirmed.*

HANDWORK, J., concurs.

Prior to his death, Judge JOHN J. CONNORS, JR. participated in the decision-making process of this case.