Vincent J. Tango appeals from an order of the common pleas court entering summary judgment in favor of Cuyahoga Sportservice, Inc., contending that a genuine issue of material fact exists in connection with injuries he sustained after eating a club sandwich prepared by Cuyahoga Sportservice, Inc., and served to him at the Northfield Park Race Track which allegedly contained a piece of a toothpick. After a careful review of the record in this case we have determined that Tango has not established a prima facie case of negligence sufficient to meet his burden under Dresher v. Burt, and therefore, we affirm the decision of the trial court.
On July 23, 1995, Tango and two of his friends, Joe Peters and Joe Ravali, visited Northfield Park Race Track. While there, Tango and his friends ordered two club sandwiches from the restaurant, which were sliced into eight wedges, each secured with a cellophane-tipped toothpick. Two days later, on July 25, 1995, Tango visited his family in Butler, Pennsylvania, and late that evening began to suffer abdominal pain. The following morning, he went to the emergency room of the Butler Memorial Hospital and after testing underwent surgery to remove a 3.8 centimeter wooden fragment from his small intestine, which one of the doctors described as a piece of a toothpick.
Tango brought this action against Cuyahoga Sportservice, Inc., alleging that he ingested a toothpick which had been concealed in one of the wedges of the club sandwich he ate at the race track. Cuyahoga Sportservice, Inc. moved for summary judgment, contending that Tango could not establish that he swallowed the toothpick while at Northfield Park. In response, Tango testified in his deposition that prior to the surgery, he had not come into contact with any food containing toothpicks other than the club sandwich; Peters and Ravali stated in their respective affidavits that one of the wedges served by Cuyahoga Sportservice, Inc. did not have a toothpick sticking out of it. In addition, he did not include either the wooden fragment or any evidence that it came from the sandwich he ate at Northfield Park.
The court granted summary judgment in favor of Cuyahoga Sportservice, Inc., and Tango now appeals and presents the following for our review:
 WHETHER THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY GRANTING THE APPELLEE'S MOTION FOR SUMMARY JUDGMENT AS GENUINE ISSUES OF MATERIAL FACT EXISTED, THE APPELLEE WAS NOT ENTITLED TO JUDGMENT AS A MATTER OF LAW, AND REASONABLE MINDS COULD NOT COME TO BUT ONE CONCLUSION WHICH WAS ADVERSE TO THE APPELLANT.
Tango contends the court erred in granting summary judgment to Cuyahoga Sportservice, Inc., because he believes he established a genuine issue of material fact as to whether Cuyahoga Sportservice, Inc. negligently served him a sandwich containing a concealed toothpick which he ingested. Cuyahoga Sportservice, Inc. contends the court correctly granted summary judgment because Tango failed to establish the essential elements of his negligence claim. The issue before us, then, is whether the court erred in granting summary judgment in favor of Cuyahoga Sportservice, Inc.
 Civ.R. 56(C) concerns summary judgment and provides in part:
 * * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.
Civ.R. 56(E) provides in relevant part:
 * * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.
In reviewing a motion for summary judgment, the court must construe the evidence and all reasonable inferences drawn therefrom in a light most favorable to the party opposing the motion. Morris v. Ohio Cas. Ins. Co. (1988), 35 Ohio St.3d 45;Harliss v. Willis Day Warehousing (1978), 54 Ohio St.2d 64.
In Dresher v. Burt (1996), 75 Ohio St.3d 280, the court stated at 293:
 * * * a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. * * * If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden * * * to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party.
Thus, on its motion for summary judgment, Cuyahoga Sportservice, Inc. must establish that after construing the evidence in a light most favorable to Tango, no genuine issue of material fact exists and that it is entitled to judgment as a matter of law.
To defeat the motion for summary judgment on his negligence claim, Tango must establish a prima facie case of negligence by demonstrating four elements: an existing duty owed to him, a breach of that duty, proximate cause, and some resulting injury. See Anderson v. St. Francis-St. George Hospital, Inc.
(1996), 77 Ohio St.3d 82, 84.
It is not disputed that Tango became an invitee on the premises of the Northfield Park restaurant when he ordered and ate a club sandwich while there. The duty owed to a business invitee by the owner of a premises is to exercise ordinary care and to protect the invitee by maintaining the premises in a safe condition. See Light v. Ohio University (1986), 28 Ohio St.3d 66, at 68. Further, there is no dispute that Tango sustained injuries and underwent a surgical procedure to remove a toothpick from his intestine.
In its motion for summary judgment, Cuyahoga Sportservice, Inc., referred to Tango's deposition and alleged Tango failed to support his claim with any proof he ingested the toothpick at Northfield Park; thus, Cuyahoga Sportservice, Inc., argued it was entitled to judgment as a matter of law.
In his response to that motion, Tango presented his own deposition testimony in which he claimed that he ate a club sandwich which contained toothpicks while at the restaurant and that he did not come into contact with toothpicks after that time; statements from his treating physicians describing his injuries caused by a wood fragment which perforated his intestine, and affidavits of his two friends who ate with him at Northfield Park who stated that one of the sandwich wedges did not have a toothpick sticking out of it and that Tango ate that wedge.
Here, the question becomes whether Tango set forth specific facts demonstrating a genuine issue for trial as to whether Cuyahoga Sportservice, Inc. breached its duty and proximately caused his injuries.
Upon examination of the evidence contained in the record before us, Tango demonstrated that he had eaten a club sandwich at Northfield Park and that two days later he underwent surgery during which surgeons removed a 3.8 centimeter piece of a toothpick from his intestine. However, Tango failed to evidence the actual toothpick recovered during surgery, and failed to provide testimony to identify the toothpick as the one served him by Cuyahoga Sportservice, Inc. Further, he failed to establish that Cuyahoga Sportservice, Inc. breached its duty to him as an invitee by demonstrating the toothpick had been broken when served to him. These are matters which can only be determined by inference: first, that the toothpick was the same one served to him, and after making that inference, second, to infer it had been served in a broken or defective condition. The law, however, does not permit an inference to be made upon another inference. See Hurt v. Charles J. Rogers Transp. Co.
(1955), 164 Ohio St. 329, at 333; Titanium Industries v. S.E.A.Inc., (1997) 118 Ohio App.3d 39, at 49-50. In this case, the record does not contain independent evidence to establish Cuyahoga Sportservice breached its duty to him.
As we learn from Dresher v. Burt, supra, after Cuyahoga Sportservice, Inc. met its burden to demonstrate the absence of a genuine issue of material fact, Tango had a reciprocal burden to set forth specific facts showing such an issue for trial. Tango has failed in this regard.
Accordingly, Cuyahoga Sportservice, Inc. is entitled to judgment as a matter of law, and the trial court's order granting summary judgment it its favor is affirmed.
Judgment affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _____________________________________ JAMES M. PORTER, ADMINISTRATIVE JUDGE
 _____________________________________ TERRENCE O'DONNELL, JUDGE
 _____________________________________ JOHN T. PATTON, JUDGE
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 27. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also S.Ct.Prac.R. II, Section 2(A)(a).