The definition of "compatible" used by the majority to find incompatibility omits part of the definition. The whole definition reads, "designed to work with another device or system without modification; esp: being a computer designed to operate in the same manner and use the same software as another computer." Obviously, this is a recent definition, not in existence when the fire code was written. Even using this definition, I would suggest that "without modification" would mean something more than the de minimis use of an adapter.
Compare this definition with that of the word "identical" which is defined, in part, as "* * * having such close resemblance as to be essentially the same[.]" Merriam-Webster's Collegiate Dictionary, supra, at 575. Had the legislature, or in this case the drafters of the fire code, sought to make the connection between hose and hydrant a perfect match they could have used the word "identical."
Furthermore, I can find not a single word in the fire code which would indicate an intent to apply the code to anything but a structure. The examples of mandatory thread compatibility in F-501.6 are connections to sprinkler systems and stand pipes, both referring to customer devices. A "yard hydrant" is not defined, but I would think that this is also some sort of customer end device as opposed to a regular "hydrant." Pursuant to the rule of ejusdem generis, see Light v. Ohio University (1986),28 Ohio St.3d 66, 68, the "other fire hose connection" in the latter part of the rule should be construed to be devices of the same type as enumerated earlier in the rule. It seems to me that a fair reading of this section indicates an intent to insure that the connections coming out of a fire truck match customer devices. I find nothing to indicate an intent to govern the input into a fire truck.
Finally, it is worth noting that each hydrant has an outlet with identical threads. If the county removed the other two outlets, it would be in strict compliance. The majority's decision accomplishes nothing more than to permit the tail of a township Fire Marshall to wag the dog of a county water system. I would conclude that the inclusion of both threads on the hydrant substantially complies with the rule.