ROESCH, Appellant,

v.

**WARREN DISTRIBUTION/FLEET ENGINEERING RESEARCH
et al., Clark Oil Company, Appellee.**

[Cite as *Roesch v. Warren Distrib./Fleet Eng. Research,*
146 Ohio App.3d 648, 2000-Ohio-2694.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 77121.

Decided Nov. 22, 2000.

Dubyak & Goldense Co., L.P.A., and Paul V. Wolf, for appellant.

Cleary & Associates, Timothy R. Cleary and Michael L. Golding, for appellee.

KARPINSKI, Presiding Judge.

{¶ 1} Plaintiff-appellant, William G. Roesch, appeals a directed verdict in favor of defendant-appellee, Clark Oil Company ("Clark Oil"). For the reasons which follow, we affirm the trial court.

{¶ 2} Appellant was a co-worker of Earl Hughes. On March 1, 1995, Hughes was having trouble with a slow leak in one of the tires on his car. At Hughes's request, Roesch put a can of Mag I, popularly known as "Fix-a-flat," into Hughes's leaky tire. The same day the two men then proceeded to a Clark Oil service station, where appellant and Hughes had filled the tires of Hughes's car on other occasions. The air pump was clearly marked with a sign stating "Free Air."

{¶ 3} Appellant added air to two of the tires and then began to put air into the tire to which he had added the "Fix-a-flat." When the air pump shut itself off, appellant went to the pump to restart it. As he pressed the start button, the

pump exploded, breaking his arm. His injury was serious enough to require surgery and a long recuperation.

{¶ 4} On March 6, 1995, Clark Oil's insurance adjuster removed the pump. The pump was returned to the Clark station at an unspecified date. On January 21, 1997, appellant filed suit against Clark Oil and the manufacturers of the "Fix-a-flat." On May 15, 1997, the air pump was again removed from the Clark Oil station, apparently never to be seen again. Informed on March 18, 1998, that the pump was missing, appellant subsequently dismissed the case without prejudice on August 11, 1998.

{¶ 5} He refiled the case on August 27, 1998, and was informed again by appellee on March 5, 1999, that the pump was still missing. In the course of discovery, appellee Clark Oil provided appellant with several pictures of the pump taken by its insurance adjuster. On May 6, 1999, appellant filed a motion to amend his complaint to add a cause of action for spoliation of evidence, that is, the missing air pump. The trial court denied this motion in June 1999.

{¶ 6} At the July 12, 1999 deposition of Clark Oil's expert witness, Clark Oil produced additional pictures of the damaged air pump. These pictures had not been provided in previous discovery. After detecting suspected alterations in the pump evidenced in the new photos, appellant filed a motion for reconsideration of his motion to amend his complaint to add a cause of action for spoliation of evidence, which motion the court denied.

{¶ 7} Defendant Clark Oil's motion for summary judgment was denied on September 13, 1999, and trial commenced on September 14, 1999. After the plaintiff presented his case, the court granted Clark Oil's motion for a directed verdict. Appellant timely appealed.[1]

{¶ 8} Appellant first claims that he was an invitee, not a licensee, and that therefore the directed verdict against him was erroneous. His second claim is that the trial court erred in denying his motion to amend his complaint to add the cause of action for spoliation of evidence.

{¶ 9} For his first assignment of error, appellant states:

{¶ 10} "I. The trial court erred in granting defendant-appellee Clark Oil's motion for directed verdict."

{¶ 11} Under this assignment of error, appellant further states: "Plaintiff-appellant was a business invitee upon the premises of defendant-appellee, Clark Oil, as a matter of law, or at the very least, a reasonable finder of fact could

---

1.  The second defendant, Warren Distributor/Fleet Engineering Research, the manufacturer of "Fix-a-flat," was dismissed by summary judgment, and later settled with appellant. It is not the subject of this appeal.

conclude that plaintiff-appellant was a business invitee upon the premises of Clark Oil." A threshold issue to be decided is whether appellant was a business invitee or merely a licensee when he was on Clark Oil's property using its air pump. Appellant claims that the air pump was located on Clark Oil's premises for the purpose of attracting customers who would later purchase gas or sundries such as gum or cigarettes. He therefore claims that he qualifies as a business invitee because he is a prospective paying customer.

{¶ 12} Appellant admits, however, that he had never made any purchases of any kind at the Clark Oil station and that he never had any intention of making any purchases, including the day he was injured. The Supreme Court legally defined business invitees in *Light v. Ohio Univ.* (1986), 28 Ohio St.3d 66, 68, 28 OBR 165, 502 N.E.2d 611:

{¶ 13} "Business invitees are persons who come upon the premises of another, by invitation, express or implied, for some purpose which is beneficial to the owner. *Scheibel v. Lipton* (1951), 156 Ohio St. 308 [46 O.O. 177, 102 N.E.2d 453]. It is the duty of the owner of the premises to exercise ordinary care and to protect the invitee by maintaining the premises in a safe condition. *Presley v. Norwood* (1973), 36 Ohio St.2d 29, 31 [65 O.O.2d 129, 303 N.E.2d 81]. Conversely, a person who enters the premises of another by permission or acquiescence, for his *own* pleasure or benefit, and not by invitation, is a licensee. A licensee takes his license subject to its attendant perils and risks. The licensor is not liable for ordinary negligence and owes the licensee no duty except to refrain from wantonly or willfully causing injury. *Hannan v. Ehrlich* (1921), 102 Ohio St. 176, 131 N.E. 504, paragraph four of the syllabus; see *Scheurer v. Trustees of the Open Bible Church* (1963), 175 Ohio St. 163 [23 O.O.2d 453, 192 N.E.2d 38]." Id. at 68, 28 OBR 165, 502 N.E.2d 611.

{¶ 14} The Supreme Court upheld this distinction in *Provencher v. Ohio Dept. of Transp.* (1990), 49 Ohio St.3d 265, 551 N.E.2d 1257, when it declined to adopt the additional status of "public invitee." "In essence, the 'public invitee' standard rejects the requirement that some type of benefit must be conferred on the owner or occupier before a visitor can be considered an invitee." Id. at 267, 551 N.E.2d 1257. The court retained its *Light* standard rather than recognize a standard "which imposes a duty, upon the owner or occupier, of ordinary care in maintaining his or her premises in a safe condition where persons are merely invited to enter."

{¶ 15} The status of a person as invitee or licensee is not a question for the jury. "[T]he question of whether undisputed facts, essential to the determination of the plaintiff's status, show him to be a licensee or invitee, is a legal question for the court." *Texler v. Casa di Borally* (Oct. 22, 1998), Cuyahoga App. No. 73443, 1998 WL 741945.

{¶ 16} Because the duty owed to a licensee and an invitee differs, appellant's status is the deciding factor as to whether there was negligence on the part of Clark Oil.

{¶ 17} "To establish actionable negligence, one must show in addition to the existence of a duty, a breach of that duty and injury resulting proximately therefrom. *Di Gildo v. Caponi* (1969), 18 Ohio St.2d 125, 47 O.O.2d 282, 247 N.E.2d 732. The existence of a duty in a negligence action is a question of law for the court to determine." *Mussivand v. David* (1989), 45 Ohio St.3d 314, 318, 544 N.E.2d 265. When the trial court found appellant to be a licensee as a matter of law, it found that appellee Clark Oil had not breached a duty to appellant and, therefore, could not be guilty of negligence.

{¶ 18} In order to prove that he is a business invitee, "appellant has the burden of submitting evidentiary material raising an issue as to whether appellees received any benefit, or, that appellees encouraged or invited appellant to use [the premises.]" *McAllister v. Trumbull Properties* (Feb. 11, 1994), Trumbull App. No. 93–T–4891, 1994 WL 45277.

{¶ 19} The requirements for a directed verdict are stated in Civ.R. 50(A)(4):

{¶ 20} "When a motion for directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue."

{¶ 21} The trial court stated at the end of the trial:

{¶ 22} "I believe that the cases which are relevant and which have been cited by both sides suggest that an individual, as Mr. Roesch, who entered upon the premises of commercial establishment [sic], without offering proof that he is a regular customer, or has done business with that commercial establishment in the past, and who is on the premises solely to avail himself of a free service, such as an air pump which is on the premises, is an invitee—is a licensee and not a business invitee, and thus, is owed the duty that is owed to all licensees as set forth in the *Light* case.

{¶ 23} "That duty is to refrain from wantonly or willfully causing injury, and under that standard, as all parties have conceded in this case, a directed verdict must be entered on behalf of the defendant.

{¶ 24} "More specifically, let me note for the record that there has been no evidence offered on the record by the plaintiff that the providing of a free air pump or compressor on the property of Clark Oil was, in any way, intended to

attract customers in the hopes that the public would do business in connection with receiving free air.

{¶ 25} "It is an equally unreasonable inference to draw that the free air was on the premises solely for the benefit of—primarily for the benefit of customers who conducted some other business at the premises.

{¶ 26} "The plaintiff, having the burden of proof on that issue, equally drawing inferences, I don't think are sufficient to tip the scale for the plaintiff.

{¶ 27} "I will sign an entry directing a verdict for Clark Oil on the basis that Mr. Roesch was a licensee, rather than an invitee."

{¶ 28} In the absence of evidence to the contrary, the trial court was correct in finding that appellant was a licensee and not an invitee and that therefore appellant was owed no duty from appellee Clark Oil beyond the wanton and willful standard. The first assignment of error is overruled.

{¶ 29} Appellant's second assignment of error states:

{¶ 30} "II. The trial court abused its discretion in denying plaintiff-appellant's motion for leave to amend his complaint to add a claim for the tort of spoliation of evidence."

{¶ 31} Appellant alleges that the photographs provided at the deposition of Clark Oil's expert witness on July 12, 1999, showed that the missing air pump had been tampered with, because several of the photos showed that damaged areas had been cleaned or painted over. A review of the photos in question does indeed show a cleaning and/or painting of the inside of the door of the pump.

{¶ 32} It is additionally troubling that Clark Oil's expert witness had the opportunity to examine the original pump but that appellant's expert did not. In his motion to amend his complaint, appellant argued, "Plaintiff's claim has been manifestly prejudiced by its expert's inability to examine and inspect said air pump."

{¶ 33} The Ohio courts have held, however, that for a party to prevail on a claim of spoliation of evidence he must show "1) the absence of the destroyed evidence or the destruction of the evidence made it impossible for plaintiff to pursue the separate civil action; and 2) plaintiff could prove that the destroyed evidence was of such a nature as to enable successful pursuit of the civil action." *Williams v. Dunagan* (May 5, 1993), Summit App. No. 15870, 1993 WL 145764, citing *Tomas v. Nationwide* (1992), 79 Ohio App.3d 624, 607 N.E.2d 944. As the court stated in *Tomas* at 633–634, 607 N.E.2d 944, "there must, at the very least, be some proximate relationship between the failure of success in the underlying action and the unavailability of the destroyed evidence." Id.

{¶ 34} The absence of the air pump had no bearing on the failure of appellant's negligence claim. The claim failed because Clark Oil owed no duty to appellant other than to avoid wanton and willful negligence. Appellant conceded that no wanton or willful negligence existed. Even if the air pump had been available, appellant could not have made a case against Clark Oil. Therefore, appellant's second assignment of error is overruled.

Judgment affirmed.

PATTON and ROCCO, JJ., concur.