OPINION
On January 13, 2000, Elaine M. Talley and Jimmy L. Talley filed a lawsuit in the Court of Claims of Ohio, naming the Ohio Department of Transportation ("ODOT") as defendant. The complaint read in pertinent part:
 1. That on August 18, 1999, Plaintiff, Elaine M. Talley, was an invitee and/or guest of the Defendant.
 2. That the Defendant, at all times pertinent herein, owned and controlled and/or was responsible, by contract or under common law, for maintaining the property located at the rest area on Northbound Interstate 75 at or near Bowling Green, Wood County, Ohio.
 3. That on or about the 18th day of August, 1999, while on the premises of the rest area located at Northbound Interstate 75 at or near Bowling Green, Ohio, the Plaintiff, while in the process of walking out of the entrance of the building, was severely injured due to the Defendant's negligence in not providing adequate lighting outside the building, which foreseeably would cause harm and did cause harm.
 4. Further pleading, Plaintiff states that her injuries were due directly and proximately to the negligence and/or breach of contract by the Defendant in failing to maintain the premises and providing a reasonably safe place for its invitees and/or guests.
 5. Further pleading, Plaintiff states that her injuries were due directly and proximately to the negligence and/or breach of contract by the Defendant, acting by and through its agents, servants and/or employees.
 6. Further pleading, Plaintiff states that as a direct and proximate cause of the negligence and/or breach of contract by the Defendants, she sustained injuries, including but not limited to, a fractured left hip; fractured left wrist; and fractured left forearm; that in the care and treatment of her injuries she has been required to submit to numerous and extensive medical and medicinal treatments, including surgery, as a result of her injures; that she has incurred medical bills and related expenses to date in the approximate amount of $12,708.94; that she will incur medical expenses in the future in an amount which cannot be determined nor with reasonable diligence ascertained at this time; that she continues to suffer from severe pain, shock, nervous reaction and inconvenience.
Count II of the complaint was a claim for services and consortium by Jimmy L. Talley.
Following service of process, the filing of an answer and only minimal opportunity for discovery, ODOT filed a motion for judgment on the pleadings. ODOT alleged that as a matter of law, Ms. Talley had been only a licensee at the rest stop and that she had not alleged willful or wanton misconduct, so she could not recover.
Counsel for the Talleys filed a memorandum contra the motion for judgment on the pleadings. Counsel requested in the alternative that the motion be held in abeyance to allow discovery to proceed so that Ms. Talley's status could be established as a matter of fact, or that permission be granted to amend the complaint.
The Court of Claims sustained ODOT's motion and ordered the case to be dismissed.
The Talleys have now pursued a direct appeal, assigning three errors for our consideration:
 I. The trial court erred as a matter of law in granting defendant's motion for judgment on the pleadings since genuine issues of material fact exist regarding the plaintiff's status and the duty of care owed to her by the Department of Transportation.
 II. The trial court erred as a matter of law in granting defendant's motion for judgment on the pleadings since the plaintiffs' complaint sufficiently alleged reckless and wanton misconduct.
 III. The trial court committed prejudicial error by not permitting the plaintiffs to amend their complaint.
Our analysis of the correctness of the trial court's action must begin with an analysis of the Supreme Court of Ohio's opinion in Provencher v.Ohio Dept. of Transp. (1990), 49 Ohio St.3d 265 . The syllabus in theProvencher case reads:
 Individuals who use public roadside rest area facilities are, as a general rule, licensees for purposes of establishing the duty of care owed to them by the state or its agencies. (Light v. Ohio University [1986], 28 Ohio St.3d 66, 28 OBR 165, 502 N.E.2d 611, approved and followed.)
The very presence of the phrase "as a general rule" in the syllabus implies that people who visit a public roadside rest area facility may on occasion be able to demonstrate that they are an invitee, not merely a licensee. As a result, judgment on the pleadings is inappropriate in such cases generally. The issue of the status of the injured party is instead an appropriate matter to be determined following discovery.
We note that many changes have occurred since 1985 when Kelly Provencher fell and fractured her ankle at a roadside rest stop alongside a state route. Roadside rest areas on interstate highways such as Interstate 75 now routinely provide vending machines from which the state of Ohio apparently receives an economic benefit. Signs along the highways announce the availability of the rest stop miles in advance. The state of Ohio and ODOT do not merely tolerate the presence of the motoring public at rest areas on interstate highways. The state of Ohio and ODOT actively encourage the motoring public to stop. The state of Ohio receives financial and other benefits in return. In short, the general rule for a roadside rest area for Route 23 in Pike County in 1985 may not be the general rule for rest areas on interstate highways in the 21st century.
The first assignment of error is sustained
Our ruling on the first assignment of error renders the second and third assignments of error moot under the circumstances.
For the foregoing reasons, appellant's first assignment of error is sustained. The second and third assignments of error are rendered moot, and the judgment of the Court of Claims of Ohio is reversed, and this cause remanded to that court for further proceedings in accordance with law consistent with this opinion.
Judgment reversed and cause remanded.
PETREE and BROWN, JJ., concur.