[Cite as *Carlson v. Ohio Dept. of Transp.*, 2011-Ohio-880.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

DOLORES CARLSON

   Plaintiff

   v.

OHIO DEPARTMENT OF TRANSPORTATION

   Defendant
   Case No. 2009-06834

Judge Alan C. Travis

DECISION

{¶ 1} This case was sua sponte assigned to Judge Alan C. Travis to conduct all proceedings necessary for decision in this matter.

{¶ 2} Plaintiff brought this action alleging negligence. The issues of liability and damages were bifurcated and the case proceeded to trial on the issue of liability.

{¶ 3} On May 8, 2009, at approximately 9:00 a.m., plaintiff and her daughter, Pamela Wilcox, stopped at a rest area along northbound Interstate Route 75 in Hancock County. At the time, the two were on the third and final day of a trip from plaintiff's winter residence in Florida to her summer residence in Michigan. According to plaintiff and Wilcox, they parked their car in the parking lot, walked to the restroom building, used the facilities, and walked back toward the car to leave. However, plaintiff tripped and fell on the concrete walkway between the building and parking lot, causing injury to her mouth and face.

{¶ 4} Plaintiff and Wilcox described the area of the walkway where plaintiff fell as an uneven seam between sections of concrete, with loose concrete patching along

the seam. Plaintiff testified that a rest area attendant who administered first aid and completed an incident report stated that others had previously fallen at this same location. According to Wilcox, the attendant said that a man tripped and fell at the same location about one week earlier.

{¶ 5} Tony Lotz, a building maintenance superintendent employed by defendant, testified that he examined the relevant section of walkway three days after plaintiff's fall and determined that concrete patching along the seam had come loose. Lotz stated that he inspected the rest area for maintenance and safety issues in March 2009, about two months before plaintiff's fall, and did not observe any such defect in the walkway at that time. Lotz testified that he conducts such inspections at least once a year and updates an electronic "rest area assessment" form based upon his findings. (Plaintiff's Exhibit 1.)

{¶ 6} Lotz stated that after one of his recent inspections of the rest area, he made the following note on the form: "Replace concrete walk in front of building 09." Lotz testified that he made this note based upon the age and general condition of the walkway, which was constructed in 1983, and that the note referred to all of the walkway, not just the specific area where plaintiff fell. Lotz further testified that both defendant's employees and the rest area attendants, who are affiliated with Goodwill Industries of Northwest Ohio and are not state employees, are required to notify him of any safety issues that they encounter at the rest area, but that no such issues with respect to the walkway were reported prior to plaintiff's fall.

{¶ 7} In order for plaintiff to prevail upon her claim that defendant was negligent in its maintenance of the walkway, she must prove by a preponderance of the evidence that defendant owed her a duty, that defendant's acts or omissions resulted in a breach of that duty, and that the breach proximately caused her injuries. *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 2003-Ohio-2573, ¶8, citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St.3d 75, 77.

{¶ 8} Under Ohio law, the duty owed by an owner or occupier of premises ordinarily depends on whether the injured person is an invitee, a licensee, or a trespasser. *Gladon v. Greater Cleveland Regional Transit Auth.*, 75 Ohio St.3d 312, 315, 1996-Ohio-137. "The distinction between an invitee and a licensee is dependent

on whether the guest enters the land for personal benefit or for the benefit of the owner. A guest who enters an owner's premises, with permission or acquiescence, for personal benefit, is a licensee. *Light v. Ohio Univ.* (1986), 28 Ohio St.3d 66, 68, 502 N.E.2d 611. A guest who enters an owner's premises, with permission, for some purpose that is beneficial to the owner, is an invitee. Id. An owner has a duty to exercise ordinary care to protect an invitee. Id. In contrast, an owner merely owes a licensee a duty to refrain from wantonly or willfully causing injury. Id." *Heffern v. Univ. of Cincinnati Hosp.* (2001), 142 Ohio App.3d 44, 52.

{¶ 9} "Individuals who use public roadside rest area facilities are, as a general rule, licensees for purposes of establishing the duty of care owed to them by the state or its agencies." *Provencher v. Ohio Dept. of Transp.* (1990), 49 Ohio St.3d 265, syllabus; see also *Hoover v. State* (March 31, 1993), Franklin App. No. 92AP-1529. In *Provencher*, the court rejected the argument that the "use of the rest areas is of sufficient benefit to the state of Ohio to confer invitee status upon all highway travelers who stop at the rest areas." *Provencher*, supra, at 266. The Tenth District Court of Appeals has recognized, however, "that people who visit a public roadside rest area facility may on occasion be able to demonstrate that they are an invitee, not merely a licensee." *Talley v. Ohio Dept. of Transp.* (Feb. 6, 2001), Franklin App. No. 00AP-1037.

{¶ 10} As previously stated, the determination of whether plaintiff was an invitee or a licensee depends on whether she visited the rest area for her own benefit, or for defendant's benefit. *Heffern*, supra. Plaintiff and Wilcox both testified that their only purpose in visiting the rest area was to use the restroom and, that after doing so, they were returning to their car when plaintiff fell.

{¶ 11} Although plaintiff stated that she saw vending machines at the rest area, she testified that she did not use them or intend to use them. Further, Vicki E. Ashley, an employee of defendant who managed defendant's "rest area janitorial contracts program" for 19 years, testified that all vending machines at defendant's rest areas are maintained by the Ohio Bureau of Services for the Visually Impaired, and that the state derives no economic benefit from such machines.

{¶ 12} Based upon the foregoing, the court finds that plaintiff visited the rest area for her own benefit and that defendant received no tangible benefit by virtue of her visit.

Accordingly, the court concludes that plaintiff's status at the rest area was that of a licensee.

**{¶ 13}** "The licensor is not liable for ordinary negligence and owes the licensee no duty except to refrain from wantonly or willfully causing injury." *Provencher*, supra, at 266. "Willful conduct 'involves an intent, purpose or design to injure.'" *McKinney v. Hartz & Restle Realtors, Inc.* (1987), 31 Ohio St.3d 244, 246, quoting *Denzer v. Terpstra* (1934), 129 Ohio St. 1, paragraph two of the syllabus. "Wanton conduct occurs when one 'fails to exercise any care whatsoever toward those to whom he owes a duty of care, and his failure occurs under circumstances in which there is great probability that harm will result * * *.'" Id., quoting *Hawkins v. Ivy* (1977), 50 Ohio St.2d 114, syllabus.

**{¶ 14}** Plaintiff's complaint does not allege willful or wanton conduct on the part of defendant. Moreover, while the court is not without sympathy for plaintiff, the court finds that there is no evidence to suggest willful or wanton conduct on the part of defendant.

**{¶ 15}** For the foregoing reasons, the court finds that plaintiff has failed to prove her claim by a preponderance of the evidence and, accordingly, judgment shall be rendered in favor of defendant.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

DOLORES CARLSON

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant
    Case No. 2009-06834

Judge Alan C. Travis

<u>JUDGMENT ENTRY</u>

This case was tried to the court on the issue of liability. The court has considered the evidence and, for the reasons set forth in the decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
ALAN C. TRAVIS
Judge

cc:

Mark A. Chuparkoff                    Stephanie D. Pestello-Sharf
P.O. Box 3775                         Assistant Attorney General
Dublin, Ohio 43016                    150 East Gay Street, 18th Floor
                                      Columbus, Ohio 43215-3130

RCV/cmd
Filed January 25, 2011
To S.C. reporter February 22, 2011