[Cite as *Williams v. Univ. of Akron*, 2016-Ohio-7209.]

| | |
|---|---|
| RAYMOND WILLIAMS | Case No. 2016-00199-AD |
| Plaintiff | Clerk Mark H. Reed |
| v. | |
| UNIVERSITY OF AKRON | <u>MEMORANDUM DECISION</u> |
| Defendant | |

{¶1} Plaintiff Raymond Williams (hereinafter "plaintiff") filed this action against defendant University of Akron (hereinafter "UA or defendant"), alleging that he suffered a personal injury on November 16, 2015 while attending a men's basketball game at James A. Rhodes Arena (hereinafter "JAR Arena") on the UA campus. In his claim form, plaintiff stated that he sat in a seat in the JAR Arena and the seat broke underneath him, injuring his lower back, right hip, and right knee. Plaintiff stated that he incurred $5,265 in medical bills, and claimed a total of $10,000 for medical bills and pain and suffering. Plaintiff included a variety of medical records and bills in support of his claim. Plaintiff does not have insurance for this injury. On May 13, 2016, defendant filed its investigation report contending that plaintiff failed to establish a negligence claim against UA. Plaintiff did not file a response.

{¶2} In its investigation report, defendant admitted that plaintiff attended a men's basketball game at JAR Arena on November 16, 2015 and plaintiff was involved in an incident. Defendant states that immediately after plaintiff's incident, an usher responded to the scene and called her supervisor, Elizabeth "Lizzy" Pannucci, the Manager of Operations and Events. Both employees spoke with plaintiff, who related that he was attempting to sit in Section 1 A, Row A, Seat 6, a reserved seat, and the seat bottom dropped to the ground, however plaintiff said he caught himself on the arm rests and did not fall. (Pannucci Affidavit, ¶¶ 4-5). The employees asked plaintiff if he needed medical treatment or an ambulance, but he declined both. *Id.* at ¶ 6. Further,

plaintiff did not complete an incident report, and per UA protocol, Ms. Pannucci filled out an incident report. *Id.* at ¶ 7; Exhibit A. Further, plaintiff's ticket was not for the reserved seating he was attempting to sit in, but rather plaintiff had a general admission ticket for the game which was valid only for bleacher seating. *Id.* at ¶ 8.

{¶3} Defendant argues that plaintiff was, at best, an invitee when he visited JAR Arena on November 15, 2015, and as such, he failed to demonstrate that UA breached a duty of ordinary or reasonable care to protect plaintiff from an unreasonable risk of physical harm of which UA knew or had reason to know. In order to establish a claim for negligence, plaintiff must prove that: 1) defendant owed him a duty; 2) defendant breached that duty; and 3) the breach was the proximate cause of plaintiff's injuries. *Mussivand v. David*, 45 Ohio St.3d 314, 318, 544 N.E.2d 265 (1989). The absence of any one of these elements renders a plaintiff's claim of negligence invalid. *Jeffers v. Olexo*, 43 Ohio St.3d 140, 142, 539 N.E.2d 614 (1989).

{¶4} Invitees are "persons who come upon the premises of another, by invitation, express or implied, for some purpose which is beneficial to the owner." *Light v. Ohio Univ.*, 28 Ohio St.3d 66, 68, 502 N.E.2d 611 (1986). "It is the duty of the owner of the premises to exercise ordinary care and to protect the invitee by maintaining the premises in a safe condition." *Id.* "This duty includes maintaining the premises in a reasonably safe condition and warning an invitee of latent or concealed defects of which the possessor has or should have knowledge. However, it is also well-established that balanced against this duty, the owner of premises is not to be held as an insurer against all forms of risk." *Baldauf v. Kent State Univ.*, 49 Ohio App.3d 46, 48, 550 N.E.2d 517 (10th Dist.1988) (citations omitted).

{¶5} The court agrees with defendant that plaintiff, as an invitee, failed to demonstrate that UA did not exercise ordinary care with respect to the seat that plaintiff was injured in during the November 16, 2015 basketball game. In support of its arguments, UA submitted the affidavits of David E. Tiller, the UA Director of

Environmental and Occupational Health and Safety, and Paul Hammond, the UA Associate Director of Athletics and Operations. Through these affidavits, defendant relates that UA routinely hires an outside company to conduct comprehensive inspections of its athletic venues, including JAR Arena. (Tiller Affidavit, ¶ 2, Hammond Affidavit, ¶ 4). The most recent inspection of JAR Arena was conducted on June 11, 2015 by H&H Enterprises, and the inspection did not reveal any deficiencies with respect to the seat in which plaintiff was sitting in on November 16, 2015. (Tiller Affidavit, ¶¶ 3-5). Included with Tiller's affidavit is a copy of the section of the H&H Enterprises Report pertaining to JAH Arena, including photographs.

{¶6} Furthermore, defendant states that throughout the year the seating areas in JAH Arena are visually inspected by the UA Athletics staff prior to events including basketball games. (Hammond Affidavit, ¶ 3, Pannucci Affidavit, ¶ 3). Issues with seats are also reported by patrons, and if the visual inspection or patron feedback reveals a seat in need of repair, the seat is examined and adjusted or repaired as necessary. (Hammond Affidavit, ¶ 3). Defendant states that UA had no notice of any defects, either through the outside report, visual inspections, or patron feedback, with regard to the seat in which plaintiff was allegedly injured on November 16, 2015.

{¶7} A review of the claim form, the investigation report, and the affidavits, including their exhibits, leads the court to determine that plaintiff failed to demonstrate that UA breached a duty of ordinary or reasonable care or that his alleged injuries were caused by any defect in the seat that would have been discovered through the exercise of ordinary care. As such, plaintiff's claim is denied.

| RAYMOND WILLIAMS | Case No. 2016-00199-AD |
|---|---|
| Plaintiff | Clerk Mark H. Reed |

Case No. 2016-00199-AD       -4-       MEMORANDUM DECISION

|  |  |
|---|---|
| v.<br><br>UNIVERSITY OF AKRON<br><br>Defendant | <u>ENTRY OF ADMINISTRATIVE</u><br><u>DETERMINATION</u> |

Having considered all the evidence in the claim file, and for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs shall be absorbed by the Court.

_____
MARK H. REED
Clerk

Entry cc:

John Joseph Lynett, Attorney for Plaintiff
One Cascade Plaza
Suite 2210
Akron, Ohio  44308-1135

M. Celeste Cook, Deputy General Counsel
University of Akron
302 E. Buchtel Ave.
Akron, Ohio 44325

Filed 8/18/16
Sent to S.C. Reporter 10/4/16